PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  Wills,            Dale            G.
         (Last)          (First)         (Initial)

Prisoner Number  C.D.C. No. J-16405

Institutional Address  P.O. Box 5246, Corcoran, CA 93212-5246

===============================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE WILLS,
Full Name of Petitioner

Case No.  C 07  3354
(To be provided by the clerk of court)

CW

vs.

JAMES TILTON, et al.,
Name of Respondent
(Warden or jailor)

PETITION FOR A WRIT OF HABEAS CORPUS

===============================================================

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

   1. What sentence are you challenging in this petition?

      (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   __Alameda County Superior Court__     __Hayward__
            Court                          Location

      (b) Case number, if known __H-21247__

      (c) Date and terms of sentence __6-28-1996__

      (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes _X_ No ___

   Where? _____
          (Name of Institution)            (Address)

   2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   __First Degree Burglary; Section 459__
   __Grand Theft; Section 487__
   __/// /// ///__

   3. Did you have any of the following?

Arraignment: Yes _X_ No ___    Preliminary Hearing: Yes _X_ No ___

Motion to Suppress: Yes _X_ No ___

2

4.  How did you plead?

Guilty ____    Not Guilty _X_    Nolo Contendere ____

Any other plea (specify) _N/A_

5.  If you went to trial, what kind of trial did you have?

Jury _X_    Judge alone ____    Judge alone on a transcript ____

6.  Did you testify at your trial?   Yes _X_   No ____

7.  Did you have an attorney at the following proceedings:

(a) Arraignment         Yes _X_  No ____
(b) Preliminary hearing Yes _X_  No ____
(c) Time of plea        Yes _X_  No ____
(d) Trial               Yes _X_  No ____
(e) Sentencing          Yes _X_  No ____
(f) Appeal              Yes _X_  No ____
(g) Other post-conviction proceeding   Yes ____  No _X_

8.  Did you appeal your conviction?   Yes _X_   No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal        Yes _X_  No ____   _Unknown_     _Affirmed_
                                          (Year)        (Result)

Supreme Court of
California             Yes _X_  No ____   _Unknown_     _Denied_
                                          (Year)        (Result)

Any other court        Yes ____ No _X_    _N/A_         _N/A_
                                          (Year)        (Result)

(b) If you appealed, were the grounds the same as those that you are raising in this petition?   Yes ____   No _X_

(c) Was there an opinion?   Yes ____   No _X_

(d) Did you seek permission to file a late appeal under Rule 31(a)?   Yes ____   No _X_

If you did, give the name of the court and the result:

_____

9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes _X_   No ____

3

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court **Alameda County Superior Court, Oakland**

   Type of Proceeding **Petition for Writ of Habeas Corpus**

   Grounds raised (Be brief but specific):

   a. **Ineffective Assistance of Trial Counsel**

   b. **Ineffective Assistance of Appellate Counsel**

   c. **Prosecutorial Misconduct**

   d. **N/A**

   Result **Denied**          Date of Result **3-21-2006**

II. Name of Court **Court of Appeal of California, First Appellate District**

   Type of Proceeding **Petition for Writ of Habeas Corpus**

   Grounds raised (Be brief but specific):

   a. **Ineffective Assistance of Trial Counsel**

   b. **Ineffective Assistance of Appellate Counsel**

   c. **Prosecutorial Misconduct**

   d. **N/A**

   Result **Denied**          Date of Result **6-1-2006**

III. Name of Court **California Supreme Court**

   Type of Proceeding **Petition for Writ of Habeas**

   Grounds raised (Be brief but specific):

   a. **Ineffective Assistance of Trial Counsel**

4

    b. Ineffective Assistance of Appellate Counsel
    c. Prosecutorial Misconduct
    d. N/A
Result: Denied            Date of Result: 2-7-2007

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court? Yes ____ No _X_

N/A
_____
(Name and location of court)

**B.   Grounds For Relief**[1]

On October 28, 1988, Petitioner was charged by complaint in People v. Wills, San Leandro-Hayward Municipal Court No. 235659 with four (4) counts of First Degree Burglary in violation of California Penal Code section 459-1.

On November 9, 1988, after briefly discussing the matter with the public defender, Petitioner agreed to plead guilty to one count of First Degree Burglary as part of a plea bargain agreement. The plea was contingent upon the following promises: 1) that all remaining counts, including those that do NOT appear in the complaint but are nevertheless pending, would be dismissed; 2) that Petitioner would be sentenced to a term of no more than one year in the county jail with three years felony probation; 3) that Petitioner would make restitution; and 4) that if Petitioner was convicted of a "serious felony" in the future, the punishment for that offense, if convicted, could be increased "up to five years." The only reason Petitioner accepted the plea agreement is because the public defender informed Petitioner that he would lose at trial and receive more than 24 years. The plea was then certified to the superior court for approval and sentencing.

---

[1] Petitioner's argument will be set forth in a separate memorandum of points and authorities filed herewith.

On December 9, 1988, Petitioner was sentenced in accordance with the terms of the plea in all respects in People v. Wills, Alameda County Superior Court No. H-11013. At no time did any individual whatsoever inform Petitioner of the true nature of the charges, however, namely, that a person cannot burglarize their own home. Had Petitioner known this fact, he would most certainly not knowingly or intelligently waived his rights and plead guilty.

On May 9, 1995, Petitioner was charged by complaint in People v. Wills, San Leandro-Hayward Municipal Court No. 306058, with one count of Grand Theft in violation of California Penal Code section 487.1. The complaint also alleged one count of Possession of Stolen Property in violation of California Penal Code section 496.1. Finally, the complaint alleged one prior conviction under California Penal Code section 1170.12(c)(1), and two prior prison commitments under California Penal Code section 667.5(b). No other charges whatsoever were alleged in this complaint.

On June 9, 1995, a preliminary examination was had on the alleged charges. At the conclusion of the examination, the municipal court found probable cause on each count as alleged and one additional count of First Degree Burglary in violation of California Penal Code section 459.

On June 22, 1995, Petitioner was charged by information in People v. Wills, Alameda County Superior Court No. H-21247, with one count of First Degree Burglary, one count of Grand Theft, and one count of Possession of Stolen Property. Finally, the information alleged two prior prison commitments, and one prior conviction under California Penal Code sections 667(e)(1) and/or 1170.12(c)(1). No other charges whatsoever were alleged in this

6

information. At this point, Petitioner was represented by ROBERT MERTENS, Deputy Public Defender, Alameda County Public Defender's Office.

Mr. MERTENS inquired about the circumstances surrounding Petitioner's arrest and any prior convictions. As to the first aspect, Petitioner relayed the following information (paraphrasing):

"Between 4 and 4:30 a.m., I walked to Aaron Howard's house 'cause we were supposed to go fishing at Lake Chabot. As I approached his front door, two unknown individuals stopped on bicycles; actually, one stopped and one continued. The guy that stopped asked 'Is Aaron home?' I said 'He's supposed to be but I haven't been to the door yet.' The guy with the bike said 'Do you know anybody that wants to buy a bike? I just got it a little while ago.' I said 'No!' Then a police car pulled up and the guy with the bike lunged it at me and ran and jumped over Aaron's fence. The cop exited his car, with his hand on the grip of his pistol, and told me to 'Hold on' and 'not to move.' I said 'Why?' He didn't answer my question but instead told me to put my hands on the hood of his car. He then handcuffed me with my hands behind my back and proceeded to perform a 'pat search.' He then emptied my pockets onto the hood of his car and placed me in the back seat of his car with the door closed. Then two or three more cop cars arrived. Approximately ten minutes later, two officers started to question me, one of which was Sergeant BARNHILL and Deputy WALTERS. Deputy WALTERS asked me who the bike belonged to. I said 'I don't know. The guy that ran away threw it at me. I think it's stolen 'cause he said he just got it and was trying to sell it.' Sergeant BARNHILL then asked me if he had an officer drive up and down the street, would there be any broken windows on cars or houses or any open garages. I told him 'I don't know! I haven't been up and down the street.' Sergeant BARNHILL then took off to speak with another officer who, in turn, entered a patrol car and drove up and down the street one time. After this, Deputy WALTERS told me that I was under arrest for drunk-in-public. I said 'You're crazy! I want a blood test!' and 'I want fingerprints of the bike.' Sergeant BARNHILL replied 'No! We're not doing any of that. We have you and the bike and that's all we need to get you off the street with your prior conviction. Somebody will call it in before you're out of the drunk tank.' I was then taken to the Sheriff's Dept. substation in San Leandro. After arrival at the sub-station, Deputy WALTERS tried to trick me into signing a property receipt for the bike. I told him 'No way! It's not my bike!'"

As to the second aspect, prior convictions, Petitioner relayed the following information: "They said I took some stuff from my dad where I lived. I took a plea bargain of one year 'cause my attorney said I

7

1. would lose at trial and get 24 years." At no time of which Petitioner is
2. aware did Mr. MERTENS file a motion to strike this prior conviction. Nor
3. is Petitioner aware of any investigations conducted by Mr. MERTENS on
4. this prior conviction.
5.     On an unknown date prior to trial, Mr. MERTENS moved the court to
6. withdraw as Petitioner's counsel on the grounds of a conflict of
7. interest. Petitioner does not recall the factual circumstances that
8. prompted this request by Mr. MERTENS, however.
9.     On an unknown date, the court appointed EDWARD HAVLIK as
10. Petitioner's counsel. Mr. HAVLIK inquired about the circumstances
11. surrounding Petitioner's arrest and prior convictions. In addition, Mr.
12. HAVLIK wanted to discuss trial tactics. Petitioner relayed the exact
13. same information to Mr. HAVLIK that was relayed to Mr. MERTENS
14. regarding his arrest and prior convictions. At no time of which
15. Petitioner is aware did Mr. HAVLIK file a motion to strike the prior
16. conviction at issue. Nor is Petitioner aware of any investigations
17. conducted by Mr. HAVLIK on the prior conviction at issue.
18.     As far as trial tactics were concerned, Mr. HAVLIK explained that
19. the only chance for acquittal was a diminished capacity defense. More
20. specifically, Mr. HAVLIK said:

> "We have to capitalize on the court's previous finding at the motion-to-suppress-evidence hearing that the arresting officer had probable cause to arrest you for drunk-in-public. I want you to testify that you were drinking. You'll have to feign memory loss as best as you can concerning the events in question."

24. Petitioner vehemently disagreed with counsel on this issue. More
25. specifically, Petitioner said:

> "No way! This will undercut my claim of false arrest. I wasn't drinking! I just got up early to go fishing and these damn cops set me up! They wouldn't even take fingerprints of the bike or allow me a blood test! It's not right! They did everything wrong but I'm punished for someone else's crime!"

8

Mr. HAVLIK was unconcerned, however. More specifically, Mr. HAVLIK said: "It's too late for that now. We have to move on and concentrate on the diminished capacity defense."

At this point, Petitioner was plagued with indecision and very distressed and had lost all confidence in counsel's effectiveness.

On an unknown date, a jury trial commenced on the charges as alleged in the information. During the trial, Petitioner personally testified. Based solely on the instruction from Mr. HAVLIK, Petitioner testified, albeit untruthfully, that he had been drinking and was unable to recall many of the events of the evening in question.

On cross examination, the prosecution elicited testimony from Petitioner that he had previously committed a First Degree Burglary, while, at the same time, introduced into evidence that purported to show that Petitioner was a resident of the address he was alleged to have previously burglarized. The jury not only appeared extremely displeased with this information, i.e., facial expressions of disgust and contempt, but somewhat confused as well.

On May 23, 1996, the jury returned verdicts of guilty on the charges of First Degree Burglary and Grand Theft and not guilty on the charge of Possession of Stolen Property. In a bifurcated trial, the same jury found true the prior First Degree Burglary conviction of 1988 allegation.

On June 28, 1996, the superior court imposed a sentence of 17 years. The sentence consisted of the aggravated base term of 6 years for the First Degree Burglary conviction, doubled to 12 years under California Penal Code sections 667(e)(1)/1170.12(c)(1) for the prior First Degree Burglary conviction of 1988, and an additional

5 years under California Penal Code section 667(a)[2] for the same prior First Degree Burglary conviction of 1988. Sentencing for the Grand Theft conviction was stayed under California Penal Code section 654.

Petitioner appealed to the Court of Appeal of the State of California, First Appellate District in People v. Wills No. A075136. Petitioner had to file a notice of appeal on his own behalf because Mr. HAVLIK refused to do so. Petitioner was appointed CHARLES HILL, III, to represent him on appeal by the First District Appellate Project.

On an unknown date, Mr. HILL contacted Petitioner by mail to inquire into various aspects of the case, including the circumstances surrounding Petitioner's arrest, any prior convictions, and trial tactics of counsel. Petitioner relayed the same information surrounding the circumstances of Petitioner's arrest and prior convictions to Mr. HILL as relayed to both trial counsel. In addition, Petitioner informed Mr. HILL that he believed that Mr. MERTENS was ineffective at the motion to suppress evidence hearing due to his failure to: 1) call Sergeant BARNHILL as a witness to elicit testimony regarding his involvement in Petitioner's arrest; 2) adequately examine Deputy WALTERS concerning his refusal to take fingerprints of the bike and allow Petitioner an alcohol test; and 3) call Petitioner as a witness to elicit testimony concerning Sergeant BARNHILL's and Deputy WALTERS' refusal to take fingerprints of the bike and allow Petitioner an alcohol test. Finally, Petitioner claimed that Mr. HAVLIK was ineffective for his suborning Petitioner to commit

---

[2] Given the fact that the prosecution never even pled a Penal Code section 667(a) enhancement in the superior court, it is unknown why the superior court imposed this enhancement.

10

perjury by providing untruthful testimony that Petitioner had been drinking so as to support a fraudulent diminished capacity defense.

On an unknown date, Mr. HILL authored a letter which was sent to Petitioner via United States Postal Service. However, Mr. HILL did not respond to the issues previously raised by Petitioner. All he asked is why Aaron Howard was not called as a witness at trial.

Before Petitioner could respond, Mr. HILL served a copy of Petitioner's appellate opening brief upon Petitioner. The brief was prepared in accordance with procedures established in the case People v. Wende, 25 Cal. 3d 436 (Cal. 1979).

On an unknown date, Petitioner wrote Mr. HILL a letter to complain about his refusal to prepare, serve, and file a full merits brief in the court of appeal. Petitioner also instructed Mr. HILL to forward the entire trial transcript to Petitioner at the conclusion of appellate proceedings.[3] However, Mr. HILL never responded.

Dissatisfied with Mr. HILL'S performance, Petitioner attempted to submit his own merits brief in the court of appeal along with a complaint to reappoint new counsel. However, the Clerk of the court of appeal returned all the papers with a letter notifying Petitioner that the court of appeal had already affirmed the judgment of the superior court approximately 45 days ago. The Clerk also provided Petitioner with a copy of its judgment. At no time before this date did Petitioner receive the court of appeal judgment.

---

[3] Despite numerous requests, it was not until sometime in 1999 that Mr. HILL forwarded the entire trial transcript to Petitioner and only after Petitioner complained to the California State Bar.

11

On an unknown date, Petitioner attempted to file a petition for review in the California Supreme Court. However, the Clerk returned the petition unfiled and notified the Petitioner that the petition was untimely.

On an unknown date, Petitioner attempted to file a motion for leave to file late petition for review, along with the petition for review. The motion explained how Petitioner was not timely given a copy of the appellate court judgment that was the cause for Petitioner's inability to file a timely petition for review. However, the Clerk again returned the papers unfiled and notified Petitioner that the court had no jurisdiction to consider either the motion or petition.

In March of 2005, while conducting legal research on an unrelated matter at a prison law library, Petitioner came upon the case of People v. Davis, 18 Cal. 4th 712 (Cal. 1998). According to this case, "a person cannot burglarize his or her own home." See id., at 721 (quoting People v. Gauze, 15 Cal. 3d 709, 714 (Cal. 1975))

Because of this new information, Petitioner attempted to contact all counsel at the trial and appellate court levels. However, no response was ever received.

In preparation for post-conviction review, Petitioner sent a declaration to his biological father to obtain verifiable proof that Petitioner was, in fact, an actual resident of the address he was alleged to have burglarized in 1988. Petitioner's father executed the declaration on April 20, 2005, and Petitioner received the declaration on April 26, 2005, a true and correct copy of which is attached hereto as Exhibit "A."

Due to his lack of adequate knowledge of the law and sole

reliance on appointed counsel representing him in the trial and appellate courts, Petitioner had no objectively reasonable cause to believe or even remotely suspect that any grounds existed to justify the relief sought by this current petition until March of 2005, when Petitioner came upon the People v. Davis case. In addition, Petitioner needed to conduct adequate legal research into the procedural aspects of state and federal habeas corpus petitions, ineffective assistance of trial and appellate counsel, and a claim for prosecutorial misconduct. Not only are these issues extremely complex, but the task was much more daunting given the lack of adequate access to legal research materials and the lack of representation of trained counsel not to mentioned the abandonment of Petitioner's counsel.

Each ground raised by this petition was presented to all levels of courts available in California.

Petitioner does NOT have the assistance of counsel for this proceeding.

WHEREFORE, Petitioner requests this Court to grant him all the relief to which the law allows.

I, the undersigned, declare under penalty of perjury under all applicable laws that I have transcribed this petition in its entirety and that each and every statement of fact herein is true and correct of my own personal knowledge and if called as a witness to testify to any of these facts I could do so competently.

DATED: 2-21-2007

By: _Dale Wills_
DALE WILLS
Petitioner In Pro Se

13

EXHIBIT A

```
1  DALE WILLS
   C.D.C. No. J-16405
2  P.O. Box 5246
   Corcoran, CA 93212-5246
3  IN PRO SE
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

DALE WILLS,

    Petitioner,

v.

JEANNE WOODFORD, et al.,

    Respondents.

Case No.

DECLARATION OF DALEN WILLS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

---

I, DALEN WILLS, DECLARE AS FOLLOWS:

1. I am the biological father of petitioner DALE WILLS and make this declaration of the petition for writ of habeas corpus.

2. I have personal knowledge of the circumstances involved and matters stated herein and if called as a witness to testify to any of these matters I could do so competently.

3. As of the year of 1975, Petitioner was a resident of 15995 Via Toledo, San Lorenzo, CA 94580.

4. As of Petitioner's eighteenth birthday, I would impose certain conditions upon his continued residency as a form of rent-payment. These included general internal house-keeping, yard work, and that he seek out,

obtain, and maintain lawful employment.

5. As of the date of Petitioner's arrest on specified charges, in conjunction with his conviction in People of the State of California v. Dale Wills, Alameda County Superior Court No. H-11013, I had not in any way shape or form prepared, obtained, or served a formal "Notice-of-Eviction" upon Petitioner.

I declare under penalty of perjury under all applicable laws that the foregoing is both true and correct.

DATED: 4-20-2005

By: *Dalen G. Wills* [signature]
DALEN G. WILLS

///

///

///

2