DALE WILLS
C.D.C. No. J-16405
P.O. Box 5246
Corcoran, CA 93212-5246
IN PRO SE



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE WILLS,

    Petitioner,

v.

JAMES TILTON, et al.,

    Respondents.

_____/

Case No. C 07 3354 CW

PETITIONER'S NOTICE OF MOTION AND MOTION FOR ORDER DIRECTING CLERK TO ENDORSE FILE PAPERS RETROACTIVELY

TO THE ATTORNEYS FOR RESPONDENT AND RESPONDENT AND THE ABOVE ENTITLED COURT

Petitioner DALE WILLS ("Moving Petitioner") on behalf of himself and pursuant to any and all applicable provisions of law, hereby gives notice that on such a date ordered, he will and hereby does move the Court for an order directing the clerk to retroactively endorse-file the petition for writ of habeas corpus and supporting memorandum of points and authorities as of February 21, 2007, on the grounds that under the prison mail box rule the documents are deemed filed the moment the documents are given to prison officials for forwarding to the court.

The motion is based upon this notice of motion, the supporting

declaration of DALE WILLS submitted contemporaneously herewith, the following memorandum of points and authorities, and all papers that will be on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

For the purpose of avoiding unnecessary repetition of the facts, Petitioner incorporates by reference each and every statement of fact set forth in the declaration of DALE WILLS in support of this motion.

### SUMMARY OF ARGUMENT

Petitioner asserts that under the "prison mailbox rule" he's entitled to have his petition and memorandum of points and authorities endorsed filed retroactively to the date of February 21, 2007, the date the papers were first given to prison officials for delivery to the Court.

### ARGUMENT

I. PRO SE HABEAS PETITIONS ARE DEEMED FILED UNDER THE PRISON MAILBOX RULE WHEN GIVEN TO PRISON OFFICIALS FOR FORWARDING

In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a prisoner's notice of appeal is deemed "filed at the time [he] deliver[s] it to prison authorities for forwarding to the court clerk." See id., at 276. The Ninth Circuit has held that Houston's "prison mailbox rule" applies to prisoners filing habeas petitions in both federal and state courts. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), rev'd on other grounds sub nom. Carey v. Saffold, 536 U.S. 214 (2002).

As set forth in the declaration of DALE WILLS ("Wills Dec.") submitted in support of this motion, Petitioner gave his petition

1  and memorandum of points and authorities to prison officials
2  for forwarding to the court clerk on February 21, 2007. See Wills
3  Dec., ¶ 3. This is sufficient to constitute "filing" as Petitioner
4  lost control over the delivery of his legal papers the moment they
5  were given to prison officials for forwarding. And it is not
6  beyond the realm of possibility that prison officials could have
7  lost the documents. See Wills Dec., ¶ 5; see also In re Jordan,
8  4 Cal. 4th 116 (Cal. 1992) (expressing displeasure with prison
9  officials' failure to explain 6-day delay in forwarding notice of
10 appeal); In re Vallery, 3 Cal. App. 4th 1125, 1126 (2nd Dist. 1992)
11 (recognizing that prison officials accounted for a series of
12 failures in the delivery of legal mail). Cf. Stillman v. Lamarque,
13 319 F. 3d 1199, 1202 (9th Cir. 2003) ("Extraordinary
14 circumstances" exist when officials' wrongful conduct prevents
15 a prisoner from filing).

   Clearly, Petitioner should receive the benefit of the
   prison mailbox rule.

## CONCLUSION

   Accordingly, the facts and argument is persuasive that
Petitioner is entitled to benefit from the prison mailbox rule.
   WHEREFORE, Petitioner's motion should be granted.

DATED: 6-19-2007

                                    Respectfully Submitted,

                                    By: /s/ Dale Wills
                                        DALE WILLS
                                        Petitioner In Pro Se

3