1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  BRUCE ORTEGA
   [State Bar No. 131145]
6  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, California 94102-7004
     Telephone: (415) 703-1335
8    Fax: (415) 703-1234
     e-mail: bruce.ortega@doj.ca.gov
9  Attorneys for Respondents

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13

| | |
|---|---|
| DALE WILLS, | C 07-3354 CW (PR) |
| Petitioner, | |
| v. | |
| JAMES TILTON, Director of the California Department of Corrections and Rehabilitation, and KEN CLARK, Warden of the Corcoran State Prison, | |
| Respondents. | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| POST-JUDGMENT PROCEDURAL BACKGROUND | 5 |
| ARGUMENT | 7 |
| **PETITIONER HAS FILED AN *UNTIMELY* PETITION FOR WRIT OF HABEAS CORPUS; ACCORDINGLY, THIS COURT SHOULD DISMISS THE PETITION WITH PREJUDICE** | 7 |
| A. Equitable Tolling | 9 |
| B. State-Created Impediment | 13 |
| CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Calderon v. District Court (Beeler)*
128 F.3d 1283 (9th Cir. 1997) .......... 9, 10

*Calderon v. District Court (Kelly)*
163 F.3d 530 (9th Cir. 1998) .......... 9

*Carey v. Saffold*
536 U.S. 214 (2002) .......... 9

*Cordle v. Guarino*
428 F.3d 46 (1st Cir. 2005) .......... 12

*Dunker v. Bissonnette*
154 F. Supp. 2d 95 (D. Mass. 2001) .......... 13

*Espinosa-Matthews v. California*
423 F.3d 1021 (9th Cir. 2005) .......... 10

*Evans v. Chavis*
546 U.S. 189 (2006) .......... 9

*Ferguson v. Palmateer*
321 F.3d 820 (9th Cir. 2003) .......... 9

*In re Dexter*
25 Cal. 3d 921, 160 Cal. Rptr. 118, 603 P.2d 35 (1979) .......... 6

*In re Robbins*
18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998) .......... 7

*Jimenez v. Rice*
276 F.3d 478 (9th Cir. 1998) .......... 7

*Kibler v. Walters*
220 F.3d 1151 (9th Cir. 2000) .......... 12

*Lawrence v. Florida*
127 S. Ct. 1079 (2007) .......... 11

*Lindh v. Murphy*
521 U.S. 320 (1997) .......... 7

*Lott v. Mueller*
304 F.3d 918 (9th Cir. 2002) .......... 10

*Marsh v. Soares*
223 F.3d 1217 (10th Cir. 2000) .......... 12

**TABLE OF AUTHORITIES** (continued)

| | Page |
|---|---|
| *Miles v. Prunty*<br>187 F.3d 1104 (9th Cir. 1999) | 10 |
| *Miller v. Marr*<br>141 F.3d 976 (10th Cir. 1998) | 10 |
| *Miranda v. Castro*<br>292 F.3d 1063 (9th Cir. 2002) | 10, 11 |
| *Pace v. DiGuglielmo*<br>544 U.S. 408 (2005) | 10 |
| *Patterson v. Stewart*<br>251 F.3d 1243 (9th Cir. 2001) | 8 |
| *People v. Davis*<br>18 Cal. 4th 712, 721, 76 Cal. Rptr. 2d 770, 958 P.2d 1083 (1998) | 3, 11 |
| *People v. Gauze*<br>15 Cal. 3d 709, 714, 125 Cal. Rptr. 773, 542 P.2d 1365 (1975) | 3, 11 |
| *People v. Wende*<br>25 Cal. 3d 436, 158 Cal. Rptr. 839, 600 P.2d 1071 (1979) | 5 |
| *Ramos v. Carey*<br>2003 WL 21788799 (N.D. Cal. July 31, 2003) | 13 |
| *Rasberry v. Garcia*<br>448 F.3d 1150 (9th Cir. 2006) | 12 |
| *Roberts v. Cockrell*<br>319 F.3d 690 (5th Cir. 2003) | 10 |
| *Rutledge v. Boston Woven Hose and Rubber Co.*<br>576 F.2d 248 (9th Cir. 1978) | 11 |
| *Shoemate v. Norris*<br>390 F.3d 595 (8th Cir. 2004) | 12 |
| *Smith v. Duncan*<br>297 F.3d 809 (9th Cir. 2002) | 8 |
| *Spitsyn v. Moore*<br>345 F.3d 796 (9th Cir. 2003) | 10 |
| *Turner v. Johnson*<br>177 F.3d 390 (5th Cir. 1999) | 12 |
| *United States v. Marcello*<br>212 F.3d 1005 (7th Cir. 2000) | 10 |

## TABLE OF AUTHORITIES (continued)

Page

*Voravongsa v. Wall*
349 F.3d 1 (1st Cir. 2003) — 12

*White v. Lewis*
874 F.2d 599 (9th Cir. 1989) — 4

**Statutes**

California Code of Civil Procedure
§ 12a — 8

California Penal Code
§ 459 — 1
§ 487 — 1
§ 647f — 2
§ 667 — 2
§ 667.5(b) — 2
§ 1170.12(c)(1) — 2

United States Code
title 28, § 2244 — 1, 8, 9, 13

**Court Rules**

California Rules of Court
rule 8.500 — 5-6

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
BRUCE ORTEGA
[State Bar No. 131145]
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, California 94102-7004
 Telephone: (415) 703-1335
 Fax: (415) 703-1234
 e-mail: bruce.ortega@doj.ca.gov
Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **DALE WILLS,**<br><br>                              Petitioner,<br><br>v.<br><br>**JAMES TILTON, Director of the California Department of Corrections and Rehabilitation, and KEN CLARK, Warden of the Corcoran State Prison,**<br><br>                              Respondents. | C 07-3354 CW (PR)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**<br><br>Hearing Date: None Requested |

RESPONDENTS HEREBY MOVE TO DISMISS this Petition for Writ of Habeas Corpus on the grounds that Petitioner has failed to comply with the statute of limitations set forth at 28 U.S.C. § 2244. Respondents have not noticed a hearing date because Petitioner, Dale Wills, is an incarcerated state prisoner who is representing himself in this action.

### INTRODUCTION

On May 23 and 24, 1996, an Alameda County Superior Court jury convicted Petitioner of one count of first degree burglary, Cal. Penal Code § 459, one count of grand theft, *id.* at § 487, found

MOT. TO DISMISS PET. FOR WRIT OF HABEAS CORPUS DUE TO                          *Wills v. Tilton, et. al.*
PET.'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS                       C 07-3354 CW (PR)

1

1 true the allegation that Petitioner had a prior 1988 felony conviction for burglary, Cal. Penal Code
2 § 667(a), which also constituted a "strike" under California's "Three Strikes" Law, *id.* at 667(e)(1),
3 1170.12(c)(1), and found true the two allegations that Petitioner had previously served prior prison
4 terms, *id.* at § 667.5(b). *See* Exh. A at 5-10.

5 In a letter to the Probation Department the prosecutor summarized the evidence adduced at
6 Petitioner's trial as follows:

> Victoria and Ralph Serna returned home from a mountain bike ride at about 6:00 p.m. on May 4, 1995. At approximately 8:00 p.m. that same evening Victoria moved her and her husband's (Ralph's) mountain bikes from their van to the garage.
>
> Ralph Serna's red Proflex mountain bike was purchased for $1,200 and had $700 to $800 in accessories added to it for a total value of approximately $2,000. Victoria Serna's black Cannondale mountain bike was worth about $600.
>
> The next morning, May 5, 1995, Victoria Serna woke up and got ready for work at her usual time, leaving her house at 3:55 a.m. Prior to leaving, Victoria did some ironing in the garage where she had placed the two mountain bikes the evening before. When Victoria left for work her husband and children were still sleeping, the mountain bikes were still in the garage and her laundry baskets were inside the garage propped against the side garage door.
>
> On May 5, 1995, at 4:55 a.m., Deputy Walters received a dispatch to investigate suspicious persons in the area of Via Segundo in San Lorenzo, about one half mile from the Sernas' residence. Upon arriving in the area, Walters observed two people standing on the sidewalk. When Walters approached, one of the two ran away. Walters then contacted the remaining person, the defendant, who was standing on the sidewalk holding Ralph Serna's mountain bike. Walters eventually arrested the defendant for being drunk in public (PC 647(f)) after observing signs of alcohol intoxication. Not knowing the red mountain bike was stolen Walters recovered the bike, placing a hold on it whereby if there were no problems with the ownership of the bike the defendant could recover it in 72 hours. Prior to recovering the bike, Walters asked the defendant whose bike it was. The defendant responded he had purchased the bike the day before in a Lucky's parking lot for $45 from an unknown person.
>
> After waking up, Ralph Serna went into his kitchen at about 7:30 a.m. on May 5, 1995. There, he noticed his side garage door to be open. After investigating, Ralph found the laundry baskets had been moved from the garage to the lawn area outside the residence and his side gate to be open. Ralph, not knowing Victoria had moved the bikes from the van to the garage, checked his van to find the bikes missing. Ralph did not see the bikes in the garage, either. Ralph then contacted the police and reported the bikes stolen.
>
> Eventually, the police were able to connect the bike recovered by Walters from the defendant to the bikes reported stolen by Ralph Serna. At 12:30 p.m., May 5, 1995, Ralph recovered his bike from police custody.
>
> At 2:20 p.m. that same day, Deputies Dutra and Gibson returned to the residence where defendant was arrested. After a search of the backyard, Victoria Serna's black Cannondale mountain bike was recovered from a neighboring roof.

> Testifying for the People at trial were Ralph Serna, Victoria Serna, Deputy Herb Walters and Deputy Gary Gibson.
>
> Testifying for the defense at trial were Michael Manley and the defendant.
>
> It was stipulated at trial that prior to the burglary, on two occasions, the defendant had listed his home address as 15994 Via Toledo (home of the defendant's mother and step father), some eight houses from the Sernas and, coincidentally, the listed victim residence in the defendant's third alleged prior conviction.
>
> As mentioned previously, the defendant testified at trial. The defendant's testimony consisted of an implausible story as to how he came into possession of the red mountain bike laced with equally preposterous denials of obvious facts testified to by other witnesses.
>
> The defendant's story, in essence, was he had been drinking all evening and upon returning to a friend's house at 4:20 a.m., a stranger on Ralph Serna's mountain bike rode up to him. When Deputy Walters shined his spotlight on the defendant and the stranger, the stranger jumped off the bike—pushing it towards the defendant in the process—then ran off, leaving the defendant holding the red mountain bike. The defendant denies Deputy Walters asking him where he got the bike as well as his response. The defendant does not remember breaking into the Sernas' residence, due to his intoxication. The defendant denies all knowledge of Victoria Serna's black mountain bike or how it may have gotten into the area behind the house where he was arrested.

Exh. A at 12-15.

By a Petition for Writ of Habeas Corpus filed in this Court on June 26, 2007, Petitioner raises three claims. First, Petitioner contends that he received ineffective assistance of trial counsel in numerous respects. Pet. at 5-13; Memo in Support at 5-16. Petitioner contends that trial counsel unreasonably failed to move to strike the prior burglary conviction as invalid because even though Petitioner had pleaded guilty to the burglary charge in 1988, it was his own home he allegedly burglarized, and under California law "a person cannot burglarize his or her own home." Pet. at 5-8, 12; Memo in Support at 5-10, 12-14 (citing *People v. Davis*, 18 Cal. 4th 712, 721, 76 Cal. Rptr. 2d 770, 958 P.2d 1083 (1998); *People v. Gauze*, 15 Cal. 3d 709, 714, 125 Cal. Rptr. 773, 542 P.2d 1365 (1975)). Petitioner also contends that trial counsel performed unreasonably and prejudicially at the hearing on a motion to suppress the bike and the statements Petitioner made to police at the time they detained and then arrested him. Pet. at 10; Memo in Support at 10, 14-15. Specifically, Petitioner claims counsel should have, among other things, called Petitioner to testify at the hearing so that he could have told what really occurred, including that the police refused his request for a blood test and

fingerprinting of the bike. Pet. at 10; Memo in Support at 10-11. Petitioner next asserts that trial counsel performed ineffectively in not asserting that the police arrested him for being drunk in public as a "ruse" to unlawfully detain him. Pet. at 10; Memo in Support at 10. Petitioner also contends that trial counsel performed below prevailing professional norms in advising and convincing Petitioner "to commit perjury by trying to play upon a diminished capacity defense and claim that he had been drinking so as to ask the jury to excuse Petitioner from criminal responsibility . . . But Petitioner wished to testify truthfully and maintain his sobriety and innocence and, if, for whatever reason, found guilty by the jury to raise, inter alia, a claim of unlawful arrest on appeal." Pet. at 8-9, 10-11; Memo in Support at 11-12, 14-15.

Petitioner's second claim in this Court is that on direct appeal from the 1996 judgment against him he received ineffective assistance of appellate counsel in multiple respects, including that appellate counsel failed "to raise a legal assertion that the prior conviction at issue was unconstitutionally obtained"; failed "to raise a legal assertion of unlawful arrest"; failed "to raise a legal assertion of malicious destruction of material, exculpatory evidence (blood alcohol test/fingerprints of the bike)"; failed "to raise a legal assertion of prosecutorial misconduct"; and failed to raise the allegations of ineffective assistance of trial counsel that Petitioner identified above. Pet. at 10-12; Memo in Support at 16-18.

Petitioner's third claim is that at his state trial in 1996 he was the victim of prejudicial prosecutorial misconduct, when the prosecutor gave a "false impression of facts to the jury . . . These material facts consist of the prosecutor convincing the jury that Petitioner had a prior conviction for first degree burglary while at the same time convincing the jury that Petitioner was a resident of the address he was alleged to have previously burglarized." Pet. at 9; Memo in Support at 19-20.

This Court, by an Order to Show Cause (Docket No. 7) dated September 6, 2007, has asked Respondents to either (1) file an Answer to the petition showing cause why this Court should not grant a writ of habeas corpus, Docket No. 7 at 1, or (2) "file a motion to dismiss on procedural grounds in lieu of an Answer," *id.* at 3, *accord White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989)

MOT. TO DISMISS PET. FOR WRIT OF HABEAS CORPUS DUE TO                              *Wills v. Tilton, et. al.*
PET.'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS                    C 07-3354 CW (PR)
4

1  (motion to dismiss is a proper pleading in response to an OSC).[1]

## POST-JUDGMENT PROCEDURAL BACKGROUND

On June 28, 1996, the Alameda County Superior Court sentenced Petitioner in case number H-21247209417 to 17 years in state prison, as follows: the court imposed an upper term six-year sentence on the burglary conviction, doubled it to 12 years because of the prior "strike," and added a consecutive five-year term on the prior felony conviction. Exh. A at 32-34. The court imposed a five-year term on the grand theft conviction and one-year terms on the two prior-prison-term findings but ordered these terms stayed. *Id.*

Petitioner appealed, Exh. A at 35-36, and on April 8, 1997, his appellate counsel filed a brief in the California Court of Appeal, First Appellate District, Division Three, pursuant to the procedure set forth in *People v. Wende*, 25 Cal. 3d 436, 158 Cal. Rptr. 839, 600 P.2d 1071 (1979), stating that the record showed no meritorious issues for appeal. *See* Exh. B.[2] On May 8, 1997, the State filed its Respondent's Brief, and on June 30, 1997, the court of appeal issued its opinion affirming the judgment against Petitioner. *See* Exhs. B, C. The docket records of both the California court of appeal and Supreme Court reflect that Petitioner *did not* file a Petition for Review, *see* Cal. Rules

---

1. As this Court has made clear, because we are filing a Motion to Dismiss, "Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty (45) days of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition." OSC at 2 (emphasis omitted).

2. California instituted its *Wende* procedure to protect an indigent defendant's constitutional right to appellate counsel when counsel finds no issue to appeal. Under *Wende*, appellate counsel, upon concluding an appeal would be frivolous, files a brief with the appellate court summarizing the history of the case. Counsel also attests that he or she has reviewed the record, explained his or her evaluation of the case to the client, and explained the option of a pro se supplemental brief to the client. Counsel asks the appellate court to conduct an independent evaluation for issues. Counsel does not request leave to withdraw; instead he or she is silent on the merits of the case and expresses availability to brief any issues on which the court might desire briefing. *See generally* 25 Cal. 3d at 438, 441-42. The appellate court, upon receiving a "*Wende* brief," must "conduct a review of the entire record," regardless of whether the defendant has filed a pro se brief. *Id.* at 441-42. If the appellate court, after its review of the record, also finds the appeal to be frivolous, it may affirm. *See id.* at 443. If, however, it finds an arguable issue (that is, a non-frivolous issue), it orders briefing on that issue. *Id.* at 442 n.3.

MOT. TO DISMISS PET. FOR WRIT OF HABEAS CORPUS DUE TO       *Wills v. Tilton, et. al.*
PET.'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS      C 07-3354 CW (PR)

5

of Court, rule 8.500, with the state high court seeking review of the court of appeal opinion. *See* Exh. B; *see also* <http://www.appellatecases.courtinfo.ca.gov/search/dockets/A075136>. Petitioner admits as much, stating that when he attempted to file his own merits brief in the appellate court he was informed that the court had already issued the opinion affirming the judgment, and that when he then tried to filed a Petition for Review he was informed that the due date for such a petition had already expired. Pet. at 11-12.

On September 4, 2003, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. Exh. D. This petition did "*not* concern a criminal conviction or sentence" but instead concerned the alleged "arbitrary withholding of Petitioner's tennis shoes" by prison officials and said officials' alleged "arbitrary refusal" to process an appeal of the withholding of the shoes. Exh. D at 2, 6-7 (original emphasis). The state high court denied the petition on June 9, 2004, with a citation to *In re Dexter*, 25 Cal. 3d 921, 160 Cal. Rptr. 118, 603 P.2d 35 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings). Exh. E.

On February 18, 2005, Petitioner filed another Petition for Writ of Habeas Corpus in the California Supreme Court. Exh. F. Petitioner raised two claims: "(1) That prison officials' confiscation of Petitioner's personal property and refusal to store said property constitutes deprivation of personal property in violation of substantive due process, and (2) That prison officials' refusal to process the Wills I Appeal in accordance with established regulations constitutes an arbitrary, impermissible obstruction of the right to petition the government for a redress of grievances and access to courts." Exh. F at 8-9. The California Supreme Court denied this petition on January 4, 2006, again with a citation to *In re Dexter*, 25 Cal. 3d 921. Exh. G.

In March 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the Alameda County Superior Court in which, he asserts, he raised the same trial IAC, appellate IAC, and prosecutorial misconduct claims he has raised in this Court. *See* Pet. at 4. On March 21, 2006, the superior court denied the petition as follows:

> Petition for writ of habeas corpus is denied. The Petition is untimely and Petitioner has failed to demonstrate good cause for the delay. Further Petitioner has failed to explain

why the Petition is exempt from the timeliness requirements. If the Petition is timely or exempt from the timeliness requirements the Petition fails to establish a prima facie case for relief. Petitioner has failed to meet his burden for establishing his claim of ineffective assistance of counsel. Petitioner fails to provide a basis showing that his trial or appellate counsel's conduct failed to conform to an objective standard of reasonable competence. Further Petitioner has failed to establish that he was prejudiced by his counsel's actions or omissions. The other issues raised by Petitioner are similarly without substantiation and merit.

Exh. H.

On May 24, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, raising the same trial IAC, appellate IAC, and prosecutorial misconduct claims he has raised in this Court. *See* Pet. at 4; Exh. I. The appellate court denied the petition on June 1, 2006. Exh. I.

On August 16, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, raising the same trial IAC, appellate IAC, and prosecutorial misconduct claims he has raised in this Court. Pet. at 4; Exh. J. The state high court denied the petition, as untimely, on February 7, 2007. Exh. K (citing *In re Robbins*, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998)).

As stated, Petitioner filed his present federal habeas petition on June 26, 2007.

## ARGUMENT

**PETITIONER HAS FILED AN *UNTIMELY* PETITION FOR WRIT OF HABEAS CORPUS; ACCORDINGLY, THIS COURT SHOULD DISMISS THE PETITION WITH PREJUDICE**

Petitioner's July 26, 2007, federal Petition for Writ of Habeas Corpus is time-barred. He did not file it within the one-year statute of limitations period placed upon federal habeas petitioners by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to petitioner's case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The Ninth Circuit has stated it is appropriate for district courts to dismiss untimely habeas actions with prejudice. *Jimenez v. Rice*, 276 F.3d 478, 482-83 (9th Cir. 1998).

The AEDPA established a one-year deadline for an "application" for writ of habeas corpus at

28 U.S.C. § 2244(d), and it reads as follows:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As the above makes clear, generally speaking a state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must file his federal habeas petition within one year of the date his direct review process came to an end. As the Ninth Circuit recognized in *Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002), under California law when, as here, an appellant *does not* seek review in the California Supreme Court of an opinion of the state court of appeal affirming the judgment, the direct review process ends and the judgment becomes final 40 days after the date the court of appeal opinion issued. *Id.* at 812-13 (citing former Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a (in California, a conviction becomes final 40 days after the court of appeal files it opinion)). In Petitioner's case the court of appeal filed its opinion affirming the judgment against him on June 30, 1997. *See* Exhs. B, C. Accordingly, Petitioner's direct review process ended and his conviction became final on August 9, 1997, and he had until August 9, 1998, to meet his AEDPA statute of limitations and timely file his federal habeas petition. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Because Petitioner did not file his present federal habeas petition until June 26, 2007, *he filed it almost nine years late.*

Petitioner disagrees. He first contends that he "has complied with all procedural hurdles necessary to permit this Court to entertain the petition on the merits," including the statute of limitations. Memo in Support at 4-5. More specifically, Petitioner declares that he

> has complied with all of the procedural hurdles required by the AEDPA sufficient to permit this Court to grant relief by this petition on the merits, i.e., all state judicial remedies have been completely exhausted (all grounds have been presented to and denied by the state superior court, state appellate court, and state supreme court), the petition is timely (petitioner is entitled to equitable tolling under the doctrine of fraudulent concealment and statutory tolling under the state impediment provision of AEDPA), and the petition does not constitute an abuse of the writ (these grounds have not been presented to and denied by a Federal habeas court nor were those grounds previously available to Petitioner).

Memo in Support at 20-21.[3]

Petitioner thus makes two arguments with respect to the statute of limitations: (1) that he is entitled to equitable tolling; and (2) that the statute did not begin to run upon the finality of his conviction per 28 U.S.C. § 2244(d)(1)(A), but began to run, per 28 U.S.C. § 2244(d)(1)(B), on the date the "state-created" impediment to filing the petition was removed. Each of these arguments is without merit.

**A. Equitable Tolling**

Petitioner does not expressly say so, but apparently he is asserting that his statute of limitations was somehow "equitably tolled" *for 10 years*—from sometime on or after August 9, 1997, until June 26, 2007. While the Ninth Circuit has held that equitable tolling is applicable to the AEDPA statute of limitations, *Calderon v. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *rev'd on other grounds, Calderon v. District Court (Kelly)*, 163 F.3d 530, 538-40 (9th Cir. 1998) (en banc),

---

3. By the foregoing argument and his failure to invoke 28 U.S.C. § 2244(d)(2), Petitioner is correctly recognizing that his state habeas petitions have no statute of limitations significance here. To explain, the AEDPA calls for tolling for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), and that the tolling continues for the period between a lower court's adverse determination and the applicant's seeking of relief in a higher court (provided that the seeking of relief is timely under state law), *Carey v. Saffold*, 536 U.S. 214 (2002); *Evans v. Chavis*, 546 U.S. 189 (2006). *Petitioner did not begin his quest for state collateral review until February 18, 2005, six-and-one-half years after the expiration of his AEDPA statute of limitations. His state habeas petitions did not serve to revive the statute of limitations or restart the clock. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

MOT. TO DISMISS PET. FOR WRIT OF HABEAS CORPUS DUE TO                    *Wills v. Tilton, et. al.*
PET.'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS                  C 07-3354 CW (PR)

9

1  the United States Supreme Court has never so held. The High Court has held, assuming arguendo
2  the applicability of equitable tolling to the AEDPA statute of limitations, that in order for habeas
3  applicants to be entitled to it they bear the burden of establishing (1) that they have been pursuing
4  their rights diligently and (2) that some extraordinary circumstance stood in their way. *Pace v.*
5  *DiGuglielmo*, 544 U.S. 408, 418-19 (2005). A showing of causation is also required. *Id.*; *accord,*
6  *Lott v. Mueller*, 304 F.3d 918, 922-23 (9th Cir. 2002).

7      Put differently, equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104,
8  1107 (9th Cir. 1999). Indeed, "'the threshold necessary to trigger equitable tolling is very high, lest
9  the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting
10 *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "We have no doubt that district
11 judges will take seriously Congress's desire to accelerate the federal habeas process, and will only
12 authorize extensions *when this high hurdle is surmounted.*" *Calderon v. District Court (Beeler)*, 128
13 F.3d at 1289 (emphasis added).[4]

14     Petitioner attempts to gain "equitable tolling" by claiming "fraudulent concealment." Memo
15 in Support at 21. Research, however, reveals no case in which the doctrine of "fraudulent
16 concealment" has been invoked by a court to equitably toll the AEDPA statute of limitations.
17 Moreover, petitioner offers no further discussion or analysis of his fraudulent concealment
18 allegation. In short, his invocation is one wholly lacking in specifics, and such conclusory
19 allegations of equitable tolling are insufficient. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998);
20 *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003).

21     We recognize that in the third Petition for Writ of Habeas Corpus that Petitioner filed in the
22 California Supreme Court, Exh. J, he expounded on his invocation of "fraudulent concealment,"
23 claiming the following:

---

4. The Ninth Circuit has stated that equitable tolling is "available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *See e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). It is unclear whether the Supreme Court in Pace "lowered the bar somewhat" when it stated the standard in less absolute terms. *Espinoza-Matthews v. California*, 423 F.3d 1021, 1026 n.5 (9th Cir. 2005).

> trial and appellate counsel's ineffective assistance by intentionally concealing the legal basis for relief entitles Petitioner to equitable tolling of any time limitations for seeking relief under the doctrine of fraudulent concealment.

Exh. J at 31.

The Ninth Circuit has declared that to equitably toll a statute of limitations under a "fraudulent concealment" theory the claimant must "allege facts showing affirmative conduct upon the part of *the defendant* which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Rutledge v. Boston Woven Hose and Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (emphasis added). In other words, petitioner must show that the defendant in this case, the Respondent warden, engaged in affirmative conduct that would have led a reasonable person to believe he did not have any claims for relief. Petitioner does not make that showing as his blaming of his trial and appellate counsel for the delay here is not a blaming of *defendant*.

Furthermore, Petitioner provides no evidence that trial and appellate counsel affirmatively and fraudulently concealed the present claims for relief from him. For example, regarding Petitioner's claim that his 1988 burglary conviction was invalid, Petitioner has admitted that he knew of the operative facts (that it was his own house he was alleged to have burgled) as far back as 1997 (if not earlier), *see* Exh. J at 31. He then states that it was not until March 2005, when conducting research on another matter, that he learned of the legal significance of those facts—that under *People v. Davis*, 18 Cal. 4th 712, and *People v. Gauze*, 15 Cal. 3d 709, a person cannot be convicted of burglarizing his own house. Exh. J at 31; Pet. at 12. But that trial and appellate counsel never told Petitioner of the *Davis* and *Gauze* cases, nor made a *Davis/Gauze* argument themselves, is not evidence of affirmative or fraudulent concealment. It doesn't prove anything. Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Miranda v. Castro*, 292 F.3d at 1066-67; *see Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Moreover, as Petitioner has stated, it was "because of *his* ignorance of the law" that "he did not know the legal basis of the IAC claim, when he stumbled upon the *People v. Davis* case at the prison law library." Exh. J at 31 (emphasis added). Indeed, at another point Petitioner has stated:

>Due to his lack of adequate knowledge of the law and sole reliance on appointed counsel representing him in the trial and appellate courts, Petitioner had no objectively reasonable cause to believe or even remotely suspect that any grounds existed to justify the relief sought by this current petition until March of 2005, when Petitioner came upon the *People v. Davis* case.

Pet. at 12-13.

The law is clear that ignorance of the law and lack of legal experience typically do not excuse prompt and timely filing, even for a pro se incarcerated prisoner. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Cordle v. Guarino*, 428 F.3d 46, 49 (1st Cir. 2005); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (misunderstanding of proper procedures under state law for filing a certain motion did not warrant equitable tolling); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003) (pro se status does not justify equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, including existence of the AEDPA, insufficient to warrant tolling); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (lack of familiarity with process and lack of representation, regardless of illiteracy).

And furthermore, Petitioner's assertion that he "had no objectively reasonable cause to believe or even remotely suspect that any grounds existed to justify the relief sought by this current petition until March of 2005," Pet. at 12-13, is simply not true when applied to the present claims apart from those dealing with the validity of the 1988 prior burglary conviction. With respect to Petitioner's current assertions that trial counsel performed ineffectively at the 1996 suppression hearing, Petitioner has admitted that they are claims he pushed for appellate counsel to raise on direct appeal in 1997. *See* Pet. at 10-11; Memo In Support at 16-17 ("appellate counsel did not even raise a single one of the meritorious claim conveyed by Petitioner").[5] Petitioner cannot credibly claim both that

---

5. Petitioner asserts that he informed appellate counsel that he (Petitioner) believed trial counsel "was ineffective at the motion to suppress evidence hearing due to his failure to: (1) call Sergeant Barnhill as a witness to elicit testimony regarding his involvement in Petitioner's arrest; (2) adequately examine Deputy Walters concerning his refusal to take fingerprints of the bike and to allow Petitioner an alcohol test; and (3) call Petitioner as a witness to elicit testimony concerning Sergeant Barnhill's and Deputy Walters's refusal to take fingerprints of the bike and allow Petitioner an alcohol test. Finally, Petitioner claimed that [trial counsel] was ineffective for his suborning

he pushed for appellate counsel to raise these claims in 1997 and that he did not know the legal significance of them until March 2005, when he learned of the significance of *People v. Davis* to his case. The fact of the matter is that Petitioner did not act diligently and sat on his rights. In short, Petitioner does not explain why he waited seven plus years to raise the IAC claims that are unrelated to the "invalid prior conviction claim" or why he should be entitled to equitable tolling on those claims.

**B. State-Created Impediment**

Again, alternatively to his request for equitable tolling Petitioner invokes 28 U.S.C. § 2244(d)(1)(B), and claims that his statute of limitations began to run *not* on finality of his convictions but on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States [was] removed." Memo in Support at 20-21.

This claim fails. It is wholly lacking in specifics. Petitioner not only fails to identify the date the state-created impediment was removed, but he does not even identify the "State action" that prevented him from filing his petition. 28 U.S.C. § 2254(d)(1)(B). If Petitioner is asserting that the "State action" he was the victim of was the ineffectiveness of trial and appellate counsel in "intentionally concealing" the legal bases for relief and that this "impediment" was "removed" in March 2005 when he discovered *People v. Davis*, the argument fails for the same reasons it failed when Petitioner made it in requesting equitable tolling: (1) the actions of defense counsel at trial and on appeal do not constitute "State action," *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 104 (D. Mass. 2001); *Ramos v. Carey*, 2003 WL 21788799, *2 (N.D. Cal. July 31, 2003); (2) there is no evidence counsel "intentionally concealed anything"; and (3) and Petitioner's own words establish that he knew of the legal significance of many of his IAC claims as far back as 1997, *see* Pet. at 10-11; Memo In Support at 16-17.

Petitioner's present application for federal habeas corpus relief is time barred.

---

Petitioner to commit perjury [at trial] by providing untruthful testimony that Petitioner had been drinking so as to support a fraudulent diminished capacity defense." Pet. at 10-11.

# CONCLUSION

WHEREFORE, RESPONDENTS RESPECTFULLY PRAY that this Court dismiss the Petition for Writ of Habeas Corpus, with prejudice, as time barred.

Dated: October 16, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Bruce Ortega

BRUCE ORTEGA
Deputy Attorney General

Attorneys for Respondents

:BO
SF2007402422
20109411.wpd
10/15/07

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Wills v. Tilton, et al.*
No.: **C 07-03354 CW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 16, 2007, I served the attached

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**

**NOTICE OF LODGING AND INDEX OF EXHIBITS TO THE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Dale G. Wills
J-16405
California State Prison, Corcoran
P.O. Box 5246
Corcoran, CA 93212-5246
(With copies of Exhibits)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 16, 2007, at San Francisco, California.

| J. Hum | *(signature)* |
|---|---|
| Declarant | Signature |

20109531.wpd