DALE WILLS
C.D.C. No. J-16405
P.O. Box 5246
Corcoran, CA 93212-5246
IN PRO SE

FILED

2007 NOV 13 PM 3:18

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE WILLS,

    Petitioner,

v.

JAMES TILTON, et al.,

    Respondents.

Case No. C-07-3354 CW (PR)

PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE re: COERCIVE CIVIL CONTEMPT SANCTIONS FOR OBSTRUCTION OF JUSTICE

TO THE ATTORNEY(S) FOR RESPONDENTS AND RESPONDENTS AND THE ABOVE ENTITLED COURT:

PETITIONER DALE WILLS ("Moving Petitioner") on behalf of himself and pursuant to any and all applicable provisions of law hereby moves the Court to issue an order requiring Respondents to show cause, if any cause exists, why coercive civil contempt sanctions, consisting of a per diem fine, should not be issued on the grounds that Respondents' refusal to allow Moving Petitioner access to the law library constitutes an obstruction of justice to harass and obstruct Moving Petitioner from prosecuting this habeas proceeding and from preparing, serving, and filing a meritorious



opposition to their motion to dismiss.

Moving Petitioner further moves the Court to issue an order staying disposition of Respondents' Motion to Dismiss pending disposition of this motion.

Moving Petitioner further moves the Court to refer this matter to the United States Attorneys Office for possible criminal prosecution.

This motion is based on the following memorandum of points and authorities and all papers on file in this action

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

A reading of the following will affirmatively establish that Respondents' refusal to allow Moving Petitioner access to the law library constitutes an obstruction of justice. This motion should be GRANTED.

### STATEMENT OF FACTS

On November 6, 2007, Petitioner transcribed and authored a California Department of Corrections and Rehabilitation-602 ("CDCR") Inmate/Parolee Appeal Form ("Wills I Appeal"), a true and correct copy of which is attached hereto as Exhibit "A." Moving Petitioner submitted the Wills I Appeal directly to law library staff for response. Moving Petitioner complained that despite two (2) requests for law library access, he has not been called to the law library. Moving Petitioner needs access to the law library for two (2) reasons. First, Moving Petitioner needs to conduct legal research as to whether his counsels' actions constitute "state action." Second, after completing the necessary legal research and hence completion of opposing papers, Moving Petitioner

2

1  would need access to make photocopies of his opposing papers.

2      On November 8, 2007, law library staff provided a written
3  response. See Exhibit "A," section C. The law library staff
4  denied the Wills I Appeal stating:

5  "Per the Governing Authority[1], whites are on
   lockdown. Thus for safety and security issues you
6  must use the paging system; when you come off
   Lockdown please submit a I/M Regust for each
7  time you need to come to library."

8  See Exhibit "A," section C. (brackets added).

9                      VERIFICATION

10     I, the undersigned, declare under penalty of perjury under
11 any and all applicable laws that the foregoing statement of facts
12 are true and correct of my own personal knowledge and if called as
13 a witness to testify to any of these facts I could do so competently.
14 DATED: Nov. 8, 2007

15                          By: /s/ Dale Wills
                                DALE WILLS
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

27 ─────────────────────
   [1] Respondents are the "Governing Authority."
28

## ARGUMENT

18 United States Code section 401 sets for the circumstances for the imposition of civil and/or criminal contempt sanctions:

> "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other as:
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

See 18 U.S.C. § 401(1)-(3).

In the present case, Moving Petitioner maintains that Respondents' refusal to allow him access to the law library constitutes a violation of subsection 1 in that without access to the law library, Moving Petitioner is actually incapable of preparing, serving and filing papers in opposition to Respondents' Motion to Dismiss. Moving Petitioner needs to conduct minimal legal research into whether his counsels' actions constitute "state action." See ante at p. 2, lines 25-27. Respondents have asserted that it does not. See Respondents' Motion to Dismiss ("RMD"), p. 13, lines 15-21. However, sometime in the past, Moving Petitioner recalls hearing about a U.S. Supreme Court opinion wherein it discusses how an inmate's attorney constitutes "state action." This case involved an inmate's attempt to sue his attorney under 42 U.S.C. § 1983. The opinion concluded that the attorney was a "state action," and that he might have rendered IAC. But the only reason the suit failed was because the attorney was the

4

advocate ??? Moving Petitioner is uncertain of the existence of such a case but absent access to the law library, he is incapable of even researching this issue. In addition, Moving Petitioner would need access to make photocopies as well. See ante at p. 2, lines 27-28, p. 3, lines 1. But Respondents' refusal to allow Moving Petitioner access to the law library, see Exhibit "A," section C, is an attempt to cause Moving Petitioner's opposition to be unavailable for use in an official proceeding. It is an obstruction of justice to "conceal an object with the intent to impair the objects... availability for use in an official proceeding." See United States v. Kellington, 217 F.3d 1084, 1098 (9th Cir. 2000) (quoting 18 U.S.C. § 1512(b)(2)(B)). Cf. Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994) (it does not take sophisticated "legal scholarship" to know that a plaintiff's access to the courts could be hindered seriously by an inability to multiple, accurate copies of legal documents); Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) (litigation necessarily requires some means of accurate duplication because the courts and the parties need to refer to the same documents). It is not necessary to show that the defendant actually obstructed justice. See United States v. Willard, 230 F.3d 1093, 1095 (9th Cir. 2000). The statutory focus is on the defendant's endeavor. See id.

What's more, Respondents' refusal to allow Moving Petitioner access to the law library constitutes an additional delay in the expeditious disposition of this habeas proceeding. Respondents have already delayed these proceedings just by submitting their motion to dismiss. It would seem that

1  Respondents' counsel has abandoned their sworn duty to see that
2  "justice shall be done." See e.g., Berger v. United States, 295
3  U.S. 78, 88 (1935).
4      Clearly, Respondents' actions constitute an obstruction of
5  justice.

## CONCLUSION

7      Accordingly, the foregoing facts and argument establish that
8  Respondents' refusal to allow Moving Petitioner access to the law
9  library constitutes an obstruction of justice justifying the
10 imposition of coercive civil contempt sanctions.
11     WHEREFORE, Moving Petitioner prays for this Court to issue
12 an order requiring Respondents to show cause, if any cause exists,
13 why a per diem fine, in an amount determined by the Court, should
14 not be imposed until such time as Moving Petitioner is allowed access
15 to the law library for two (2) hours one day, and fifteen (15)
16 minutes the next day.
17 DATED: Nov. 8, 2007

Respectfully Submitted,

By: /s/ Dale Wills
DALE WILLS
Petitioner In Pro Se

EXHIBIT A

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Wills, Dale G.    NUMBER: J-16405    ASSIGNMENT: Recreation Coordinator    UNIT/ROOM NUMBER: C-5-225

A. Describe Problem: Appellant has a deadline of Nov. 13, 2007, to which to file papers in opposition to a motion to dismiss in a habeas corpus proceeding, Wills v. Terhune, C-07-3354 CW(BR) U.S. Dist. Ct., Northern District of Cal. Appellant has submitted two (2) PLU requests in the past two (2) weeks but has not yet been allowed access to the law library.

If you need more space, attach one additional sheet.

B. Action Requested: That Appellant be allowed access to the law library on Nov. 8, 2007, to conduct the necessary legal research and Nov. 9, 2007, to make photocopies of the legal papers.

Inmate/Parolee Signature: Dale Wills    Date Submitted: Nov. 6, 2007

C. INFORMAL LEVEL (Date Received: 11-8-07)

Staff Response: DENIED PER THE GOVERNING AUTHORITY, WHITES ARE ON LOCKDOWN, THUS FOR SAFETY AND SECURITY ISSUES YOU MUST USE THE PAGING SYSTEM; WHEN YOU COME OFF LOCKDOWN PLEASE SUBMIT A I/M REQUEST FOR THE TIME YOU NEED TO COME TO LIBRARY.

Staff Signature: LiVano    Date Returned to Inmate: 11-8-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

Dear Clerk, Nov. 8, 2007

As is more clearly understood by a reading of the accompanying motion, I am unable to provide copies of the motion, nor able to serve a copy of the same on Respondents. In fact, I don't even have a copy for my own records. I would, therefore, ask at this time to be excused from providing copies and that an "endorsed-filed" copy be returned to me at Respondents' expense. THANK YOU!!!

Sincerely,

Dale Wills
DALE WILLS
Petitioner In Pro Se