1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  BRUCE ORTEGA
   [State Bar No. 131145]
6  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, California  94102-7004
     Telephone:  (415) 703-1335
8    Fax:  (415) 703-1234
     e-mail:  bruce.ortega@doj.ca.gov
9  Attorneys for Respondents

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

| | |
|---|---|
| **DALE WILLS,** | C 07-3354 CW (PR) |
| Petitioner, | |
| v. | |
| **JAMES TILTON, Director of the California Department of Corrections and Rehabilitation, and KEN CLARK, Warden of the Corcoran State Prison,** | |
| Respondents. | |

21      **REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO
        DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S
22          FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**

23

24

25

26

27

28

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
| PETITIONER HAS FILED AN *UNTIMELY* PETITION FOR WRIT OF HABEAS CORPUS; ACCORDINGLY, THIS COURT SHOULD DISMISS THE PETITION WITH PREJUDICE | 2 |
|     A. Equitable Tolling | 4 |
|     B. State-Created Impediment | 7 |
|     C. Newly Recognized, Retroactive Constitutional Rule | 9 |
|     D. Actual Innocence | 10 |
| CONCLUSION | 13 |

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

*Wills v. Tilton, et. al.*
C 07-3354 CW (PR)

i

1

**TABLE OF AUTHORITIES**

2

**Page**

3  Cases

4  *Acosta v. Artuz*
   221 F.3d 117 (2d Cir. 2003)                                      9

5

6  *Araujo v. Chandler*
   435 F.3d 678 (7th Cir. 2005)                                    10

7  *Brittingham v. United States*
   982 F.2d 378 (9th Cir. 1992)                                     5

8

9  *Coleman v. Thompson*
   501 U.S. 722 (1991)                                              7

10 *Cousin v. Lensing*
   310 F.3d 843 (5th Cir. 2002)                                    10

11

12 *Day v. McDonough*
   547 U.S. 198                                                     8

13 *Dunker v. Bissonnette*
   154 F. Supp. 2d 95 (D. Mass. 2001)                               7

14

15 *Evans v. Chavis*
   546 U.S. 189 (2006)                                              8

16 *Flanders v. Graves*
   299 F.3d 974 (8th Cir. 2002)                                    10

17

18 *Gibson v. Klinger*
   232 F.3d 799 (10th Cir. 2000)                                   10

19 *Houston v. Lack*
   487 U.S. 266 (1988)                                              4

20

21 *In re Hutcherson*
   468 F.3d 747 (11th Cir. 2006)                                    9

22 *Lawrence v. Florida*
   549 U.S. —, 127 S. Ct. 1079 (2007)                               5

23

24 *Majoy v. Roe*
   296 F.3d 770 (9th Cir. 2002)                                    10

25 *Miles v. Prunty*
   187 F.3d 1104 (9th Cir. 1999)                                    6

26

27 *Miller v. Marr*
   141 F.3d 976 (10th Cir. 1998)                                    5

28  REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION          *Wills v. Tilton, et. al.*
    TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO         C 07-3354 CW (PR)
    PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

**TABLE OF AUTHORITIES  (continued)**

Page

1

2
*Miranda v. Castro*
3    292 F.3d 1063 (9th Cir. 2002)                                                    5

4    *Patterson v. Stewart*
     251 F.3d 1243 (9th Cir. 2001)                                                   3

5    *People v. Davis*
6    18 Cal. 4th 712, 721, 76 Cal. Rptr. 2d 770, 958 P.2d 1083 (1998)                3

7    *People v. Gauze*
     15 Cal. 3d 709, 714, 125 Cal. Rptr. 773, 542 P.2d 1365 (1975)                3, 12

8    *People v. Smith*
9    142 Cal. App. 4th, 48 Cal. Rptr. 3d 378 (2006)                                  12

10   *Pitts v. Norris*
     85 F.3d 348 (8th Cir. 1996)                                                     11

11   *Preiser v. Rodriguez*
12   411 U.S. 475 (1973)                                                             5

13   *Ramos v. Carey*
     2003 WL 21788799 (N.D. Cal. July 31, 2003)                                     7

14   *Roberts v. Cockrell*
15   319 F.3d 690 (5th Cir. 2003)                                                   5

16   *Rumsfield v. Padilla*
     542 U.S. 426 (2005)                                                            5

17   *Rompilla v. Beard*
18   545 U.S. 374 (2005)                                                           9, 10

19   *Rutledge v. Boston Woven Hose and Rubber Co.*
     576 F.2d 248 (9th Cir. 1978)                                                   4

20   *Sawyer v. Whitley*
21   505 U.S. 333 (1992)                                                            11

22   *Shlup v. Delo*
     513 U.S. 298                                                                 11, 12

23   *Souter v. Jones*
24   395 F.3d 577 (6th Cir. 2005)                                                  11

25   *Spitsyn v. Moore*
     345 F.3d 796 (9th Cir. 2003)                                                  6

26   *Strickland v. Washington*
27   466 U.S. 668 (1984)                                                           9

28

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION                *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO               C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

**TABLE OF AUTHORITIES  (continued)**

Page

**Constitutional Provisions**

United States Constitution
    Sixth Amendment .......................... 9

**Statutes**

California Penal Code
    § 459 .......................... 2, 12
    § 487 .......................... 2
    § 667 .......................... 2
    § 667.5(b) .......................... 2
    § 1170.12(c)(1) .......................... 2

United States Code
    title 28, § 2244 .......................... 1, 4, 7, 8, 9, 10

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

*Wills v. Tilton, et. al.*
C 07-3354 CW (PR)

iv

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | BRUCE ORTEGA
[State Bar No. 131145]
6 | Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
7 |    San Francisco, California 94102-7004
   Telephone: (415) 703-1335
8 | Fax: (415) 703-1234
   e-mail: bruce.ortega@doj.ca.gov
9 | Attorneys for Respondents

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13 |

14 | **DALE WILLS,**

C 07-3354 CW (PR)

15 | Petitioner,

**REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION**

16 | v.

**TO DISMISS THE PETITION FOR WRIT OF HABEAS**

17 | **JAMES TILTON, Director of the California Department of Corrections and Rehabilitation, and**

**CORPUS DUE TO PETITIONER'S FAILURE TO**

18 | **KEN CLARK, Warden of the Corcoran State Prison,**

**COMPLY WITH THE STATUTE OF LIMITATIONS**

19 | Respondents.

Hearing Date: None Requested

20 |

21 | **INTRODUCTION**

22 | On October 16, 2007, Respondents moved to dismiss Petitioner's Petition for Writ of Habeas

23 | Corpus on the grounds that Petitioner has failed to comply with the statute of limitations set forth

24 | at 28 U.S.C. § 2244. (Docket No. 8.) On January 18, 2008, Petitioner filed a Memorandum of

25 | Points and Authorities in Opposition to Respondents' Motion to Dismiss ("Opposition"). (Docket

26 | No. 15.) On January 22, 2008, Petitioner filed a Declaration in Support of his Opposition. (Docket

27 | No. 16). What follows is our reply to the Opposition and Declaration.

28 | REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

*Wills v. Tilton, et. al.*
C 07-3354 CW (PR)

1

1

## ARGUMENT

**PETITIONER HAS FILED AN *UNTIMELY* PETITION FOR WRIT OF HABEAS CORPUS; ACCORDINGLY, THIS COURT SHOULD DISMISS THE PETITION WITH PREJUDICE**

4        Preliminarily, we note that in his Opposition, Petitioner does not dispute that on May 23 and

5   24, 1996, an Alameda County Superior Court jury convicted him of one count of first degree

6   burglary, Cal. Penal Code § 459, one count of grand theft, *id.* at § 487, found true the allegation that

7   he had a prior 1988 felony conviction for burglary, Cal. Penal Code § 667(a), which also constituted

8   a "strike" under California's "Three Strikes" Law, *id.* at 667(e)(1), 1170.12(c)(1), and found true the

9   two allegations that Petitioner had previously served prior prison terms, *id.* at § 667.5(b). *See* Exh.

10  A at 5-10.[1] Petitioner also does not dispute in his Opposition that his direct review process ended

11  and his conviction became final on August 9, 1997.

12        Petitioner does dispute our reading of the breadth of his Petition for Writ of Habeas Corpus.

13  As we originally read Petitioner's federal habeas application, we believed he was raising three

14  distinct claims, two of which we believed had multiple sub-claims.  More specifically, we read the

15  Petition as alleging (1) numerous acts and omissions of trial counsel that amounted to ineffective

16  assistance of counsel; (2) numerous acts and omissions of appellate counsel that amounted to

17  ineffective assistance of counsel; and (3) one act of prosecutorial misconduct.  Motion to Dismiss

18  at 3-4.  Petitioner has corrected us.  He asserts he is only raising one allegation of ineffective

19  assistance of trial counsel, one allegation of ineffective assistance of appellate counsel, and the

20  allegation of prosecutorial misconduct.  Opposition at 13-14.  We read Petitioner's papers as

21  claiming that he received ineffective assistance of trial counsel *in numerous respects* at his 1996

22  trial, Pet. at 5-13; Memo in Support at 5-16, including that counsel unreasonably failed to move to

23  strike the prior burglary conviction as invalid because even though Petitioner had pleaded guilty to

24  the burglary charge in 1988, it was his own home he allegedly burglarized, and under California law

---

27        1.  Citations to "Exhibits" herein are the exhibits Respondents lodged with the October 16, 2007 Motion to Dismiss.  (*See* Docket No. 16.)

28  REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION                    *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO                     C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS
2

1   "a person cannot burglarize his or her own home." Pet. at 5-8, 12; Memo in Support at 5-10, 12-14

2   (citing *People v. Davis*, 18 Cal. 4th 712, 721, 76 Cal. Rptr. 2d 770, 958 P.2d 1083 (1998); *People*

3   *v. Gauze*, 15 Cal. 3d 709, 714, 125 Cal. Rptr. 773, 542 P.2d 1365 (1975)).  We believed Petitioner

4   was also contending that trial counsel performed unreasonably in numerous other ways that

5   prejudiced him with respect to guilty verdicts of first degree burglary and grand theft (and quite apart

6   from the prior-conviction finding).  *See* Pet. at 10; Memo in Support at 8-10-11, 14-15.  As noted,

7   Petitioner asserts that Respondents have misread his habeas petition.  He asserts that with respect

8   to IAC he is *only* seeking relief on the ground that trial counsel provided ineffective assistance in not

9   moving to strike the 1988 prior conviction.  Opposition at 13 ("the remaining issues are not

10   presented as 'independent bases for relief,' but, rather, as aggravating circumstances to demonstrate

11   both the extent of counsels' deficient performance and prejudice involved.")  And Petitioner's

12   allegation of prosecutorial misconduct is related only to the 1988 prior burglary conviction

13   allegation—petitioner argues that the prosecutor gave a "false impression of facts to the jury . . .

14   These material facts consist of the prosecutor convincing the jury that Petitioner had a prior

15   conviction for first degree burglary while at the same time convincing the jury that Petitioner was

16   a resident of the address he was alleged to have previously burglarized." Pet. at 9; Memo in Support

17   at 19-20.[2]

18        While Petitioner has narrowed the issues in his Petition, this Court will not have to address the

19   merits of those issues.  The Petition is time barred.  In our Motion to Dismiss we alleged that

20   Petitioner filed his present Petition for Writ of Habeas Corpus on June 26, 2007, and that because

21   it had been due under the AEDPA statute of limitations on August 9, 1998, *see* Motion to Dismiss

22   at 8 (citing *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)), the Petition was almost nine

23

24      2.  We originally believed Petitioner was contending that appellate counsel performed
unreasonably both with respect to the prior-conviction finding (appellate counsel failed "to raise a

25   legal assertion that the prior conviction at issue was unconstitutionally obtained"), and with respect
to the guilty verdicts of first degree burglary and grand theft at the 1996 trial.  *See* Pet. at 10-12;

26   Memo in Support at 16-18.  Apparently, as with trial counsel, Petitioner is only challenging and

27   seeking habeas relief from appellate counsel's performance regarding the prior-conviction finding.

28   REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION           *Wills v. Tilton, et. al.*
  TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO         C 07-3354 CW (PR)
  PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1  years late.  Petitioner claims that he filed the Petition under the "Mailbox Rule" on February 21,

2  2007, *see* Opposition at 11 (citing e.g., *Houston v. Lack*, 487 U.S. 266, 276 (1988)), and that it was

3  otherwise not late.  Petitioner offers four arguments in support of his conclusion.  None has merit.

4  **A. Equitable Tolling**

5      First, Petitioner argues that he is due an "equitable tolling" of the statute of limitations from the

6  time his state judgment became final until the time he discovered trial and appellate counsels' "fraud

7  in concealing the legal bases" of the current IAC and prosecutorial misconduct claims.  Petitioner

8  then asserts that while the statute of limitations began to run in March 2005 when he came upon

9  *People v. Davis*, the statute was equitably tolled again almost immediately thereafter by, among other

10  things, his confinement in a Security Housing Unit and his "restricted" use of the law library.

11  Petitioner asserts that he diligently pursued his rights and that this second round of equitable tolling

12  lasted until March 2006, when he commenced state collateral review of the present IAC and

13  prosecutorial misconduct claims and statutory tolling under 28 U.S.C. § 2244(d)(2) kicked in.

14  Opposition at 2-14.

15      The first link in the chain that comprises Petitioner's equitable tolling argument—his claim that

16  he is due such tolling from August 9, 1997 until March 2005 on "fraudulent concealment"

17  grounds—is broken.  As we noted in our Motion to Dismiss, no court has yet invoked the doctrine

18  of "fraudulent concealment" to equitably toll the AEDPA statute of limitations.  And more generally,

19  the Ninth Circuit has declared that in order to receive equitable tolling of a statute of limitations

20  under a "fraudulent concealment" theory the claimant must "allege facts showing affirmative conduct

21  upon the part of *the defendant* which would, under the circumstances of the case, lead a reasonable

22  person to believe that he did not have a claim for relief."  *Rutledge v. Boston Woven Hose and*

23  *Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (emphasis added).  Thus, to succeed on his

24  "fraudulent concealment" theory Petitioner must show that the defendants in this case, both his

25  Warden and the Director of California Department of Corrections and Rehabilitation, engaged in

26  affirmative conduct from August 1997 to March 2005 that would have led a reasonable person in

27  Petitioner's position to believe he had no basis to challenge the performance of trial counsel,

28

1  appellate counsel, and the prosecutor vis-a-vis the 1988 burglary conviction. Petitioner does not

2  meet this burden.    Clearly Petitioner's allegation that trial and appellate counsel engaged in

3  fraudulent concealment is not a blaming of *defendant*.

4      Petitioner calls Respondent's invocation of *Rutledge* "verbal karate" and "wholly frivolous."

5  Opposition at 11. According to Petitioner, "It is trial and appellate counsel who are the 'would-be-

6  defendants' once a suit is commenced against them." As this Court is undoubtedly aware, however,

7  a habeas action is an attack by a person in custody against the legality of that custody, *Preiser v.*

8  *Rodriguez*, 411 U.S. 475, 486 (1973), with the named defendant being the person who has day-to-

9  day control over the habeas applicant (typically the prison warden), *Rumsfield v. Padilla*, 542 U.S.

10 426, 435 (2005); *Brittingham v. United States*, 982 F.2d. 378, 379 (9th Cir. 1992).  In other words,

11 it is the State that must show the legality of the prisoner's conviction and custody.  If this Court ever

12 reaches the merits of Petitioner's present claims it will be the State—not trial and appellate

13 counsel—who will be arguing that trial and appellate counsel did not provide Petitioner with

14 ineffective assistance.

15      In any event, in his Opposition Petitioner wholly fails to show the *affirmative conduct* engaged

16 in by trial and appellate counsel that *fraudulently concealed* the cases of *People v. Davis* and *People*

17 *v. Gauze* from Petitioner for almost seven years and kept him from learning the state-law rule that

18 generally one cannot be convicted of burglarizing his or her own house.  One cannot imagine what

19 counsel may have done, but Petitioner's apparent reliance on such un-proffered speculation is

20 insufficient.  Conclusory allegations of equitable tolling are insufficient.  *Miller v. Marr*, 141 F.3d

21 976, 978 (10th Cir. 1998); *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003).  That trial

22 and appellate counsel never told Petitioner of the *Davis* and *Gauze* cases, nor made a *Davis/Gauze*

23 argument themselves, is not evidence of affirmative fraudulent concealment.  Counsels' inaction

24 doesn't prove anything.  Even if counsel didn't know of *Davis* and *Gauze* that fact wouldn't help

25 Petitioner.  Mere attorney error or neglect is not an extraordinary circumstance such that equitable

26 tolling is justified.  *Miranda v. Castro*, 292 F.3d at 1066-67; *see Lawrence v. Florida*, 549 U.S. —,

27 127 S. Ct. 1079, 1085 (2007).  In short, Petitioner is essentially asking this Court to find affirmative

28 REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

*Wills v. Tilton, et. al.*
C 07-3354 CW (PR)

5

1    acts of fraudulent concealment from seven years of silence by trial and appellate counsel. A more

2    reasonable speculation (if there is such a thing) is that trial and appellate counsel knew of *Davis* and

3    *Gauze*, knew that Petitioner was claiming the 1988 burglary conviction was a burglary of his own

4    house, but knew of other facts that made *Davis* and *Gauze* inapplicable or otherwise left any

5    challenge to the prior without reasonable basis.

6        That Petitioner knows he cannot show that trial and appellate counsel affirmatively and

7    fraudulently concealed the legal bases of his present claims from him is best evinced by the fact that

8    a large part of his equitable tolling argument is that counsel performed ineffectively in not bringing

9    a *Davis/Gauze* challenge themselves to the 1988 burglary conviction. *See* Opposition at 2-5, 12, 13-

10   14. Put differently, Petitioner's argument is that this Court should find (1) that trial and appellate

11   counsel were ineffective in not challenging the prior conviction (and arguing prosecutorial

12   misconduct); (2) that given that finding Petitioner is due multiple years of equitable tolling, and (3)

13   Petitioner can therefore again have his IAC claims (and the prosecutorial misconduct claim)

14   addressed on the merits. Petitioner is carving out an example of equitable tolling that would swallow

15   the rule that equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107

16   (9th Cir. 1999). No court has invoked equitable tolling in the manner Petitioner requests.

17       Petitioner's reliance on *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), *see* Opposition at 5-6,

18   is misplaced. That case is distinguishable. There, counsel effectively abandoned his client. Counsel

19   failed to file a federal habeas corpus petition on behalf of his client in spite of his being hired to do

20   so nearly a year beforehand, and also failed to communicate with his client despite inquires from the

21   client and his mother. The Ninth Circuit found this to be misconduct "sufficiently egregious" to

22   warrant tolling of the AEDPA's statute of limitations. Here, by contrast, the lawyers at issue were

23   trial and appellate counsel respectively, not federal habeas counsel. And there exists no evidence

24   of misconduct by them—simply the allegations of ineffectiveness that Petitioner wants to use both

25   for equitable tolling and habeas relief purposes. In short, counsels' failure to challenge the prior

26   conviction at trial or on direct review or to alert Petitioner of the alleged basis for the challenge does

27   not constitute "extraordinary circumstances" that prevented Petitioner from filing a timely federal

28   

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION          *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO          C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

6

1  petition.

2  **B. State-Created Impediment**

3      28 U.S.C. § 2244(d) provides in relevant part that the statute of limitations runs from the latest

4  of either "(A) the date on which the judgment became final by conclusion of direct review or the

5  expiration of the time for seeking such review," or "(B) the date on which the impediment to filing

6  an application created by State action in violation of the Constitution or laws of the United States

7  is removed." According to Petitioner, the state-created impediment" placed on him was "the State's

8  failure to provide [him] with the effective assistance of counsel," and that even though this

9  impediment was removed when he learned of *People v. Davis* in March 2005, the "'impediment'

10  became reimposed" once Petitioner informed trial and appellate counsel of the issue and both they

11  and the State "failed to take corrective action." Opposition at 14-16

12      As we noted in our Motion to Dismiss, this argument fails (for among other reasons) because

13  under 28 U.S.C. § 2244(d)(A)(2) the actions of defense counsel at trial and on appeal do not

14  constitute "State action." *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 104 (D. Mass. 2001); *Ramos*

15  *v. Carey*, 2003 WL 21788799, *2 (N.D. Cal. July 31, 2003). Petitioner responds that *Dunker* and

16  *Ramos* are inconsistent with the United States Supreme Court decision in *Coleman v. Thompson*, 501

17  U.S. 722 (1991), and that this Court must follow *Coleman*. Opposition at 15. *Coleman v. Thompson*

18  is, of course, entirely distinguishable. It deals with procedural default—the principle that a federal

19  habeas court may not review a federal constitutional claim if the decision of the state court on the

20  claim rests on a state-law ground that is independent of the federal question and adequate to support

21  it. 501 U.S. at 731-32. If a state court's decision rests on an independent and adequate state law

22  ground denying relief, federal habeas corpus is barred unless the prisoner can show cause and

23  prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of

24  justice. *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999). We agree with Petitioner that

25  *Coleman* held that under certain circumstances ineffective assistance of counsel could constitute

26  "cause" sufficient to excuse a habeas applicant's procedural default in state court of a federal

27  constitutional claim. 501 U.S. at 752. However, that has nothing to do with the AEDPA statute of

28  REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION          *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO          C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1  limitations and whether ineffective assistance of counsel can constitute a state-created impediment

2  to filing a timely federal habeas petition in the first instance. *Dunker* and *Ramos* answer that

3  question in the negative.[3/]

4      Petitioner's reliance on *Day v. McDonough*, 547 U.S. 198, 210 (2006), is also misplaced.

5  Petitioner cites it for the proposition that habeas courts "can still determine whether the interests of

6  justice would be better served by addressing the merits or by dismissing the petition as time barred."

7  Opposition at 16. The High Court made that statement in the context of discussing whether a district

8  court may dismiss a federal habeas petition as untimely under AEDPA, despite the State's failure

9  to raise the one-year limitation in its Answer to the habeas petition or its erroneous concession of the

10  timeliness issue. 547 U.S. at 205. The High Court did not hold that s habeas court may deny, on

11  "interests of justice" grounds, an otherwise timely and meritorious motion to dismiss a habeas

12  petition due to the applicant's failure to comply with the AEDPA statute of limitations.

13      And in no way do the interests of justice favor petitioner here. He obviously knew of the factual

14  bases of his present claims (that in 1988 he burglarized his own house) in 1988 and he claims he told

15  counsel of this in 1996 and 1997. Yet from 1997 onward he did nothing with those facts. The

16  interests of justice favor dismissal here. "The AEDPA statute of limitations promotes judicial

17

18      3. Further, with respect to procedural default, Petitioner asserts that it is "not surprising" that

19  we have not alleged procedural default in connection with the untimeliness findings by the state
superior court and state supreme court on the habeas (exhaustion) petitions Petitioner filed in those
respective courts in March 2006 and August 2006, respectively. *See* Exhs. H, K. Petitioner states

20  that a procedural default claim by Respondents would be so meritless as to be "frivolous."
Opposition at 10 n.3. Petitioner fails to understand why we have not alleged procedural default. The

21  State invokes procedural default when the merits of a federal habeas claim are on the table. The

22  State does not invoke procedural default when it is not addressing the merits of a habeas petition but
is instead moving that the entire petition be dismissed as time barred. We are certainly reserving

23  our right to invoke an "untimeliness" procedural default to Petitioner's present claims should this
Court deny our dismissal motion and order us to answer the merits of Petitioner's claims. Although

24  Petitioner calls the state courts' untimeliness findings, "objectively unreasonable," Opposition at 10

25  n.3, this Court need not delve into that question, or otherwise determine whether Petitioner's state
petitions were "properly filed" so as to provide him statutory tolling from March 2006 to February

26  27, 2007, under 28 U.S.C. § 2244(d)(2) and *Evans v. Chavis*, 546 U.S. 189 (2006). This Court need
not resolve that question because, as we have demonstrated, Petitioner's statute of limitations

27  expired on August 9, 1998, long before March 2006 and any statutory tolling could have begun.

28  REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION        *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO        C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1     efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments

2     by requiring resolution of constitutional questions while the record is fresh, and lends finality to state

3     court judgments within a reasonable time." *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

4     **C. Newly Recognized, Retroactive Constitutional Rule**

5        28 U.S.C. § 22244(d)(1)(C) provides that the limitations period begins on "the date on which

6     the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

7     newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

8     review." Petitioner claims that if his limitations period did not begin to run in March 2005, it

9     certainly began to run on June 20, 2005, when the United States Supreme Court decided *Rompilla*

10    *v. Beard*, 545 U.S. 374 (2005). According to Petitioner:

11        In *Rompilla*, the Supreme Court, for the very first time, held that an attorney's failure to
          conduct an adequate investigation of prior convictions amounted to deficient performance,

12        *see* 545 U.S. at 383, that was sufficiently prejudicial to sustain a finding of ineffective
          assistance of counsel. *See id.*, at 390. Thus, the *Rompilla* Court announced a "new rule."

13        And because *Rompilla* is a habeas proceeding, it necessarily follows then, a fortiori, that
          it has been "made retroactively applicable to cases on collateral review" as the holding is

14        dependent on retroactivity, i.e., Rompilla could not have obtained the relief he did unless
          the decision called for retroactive application.

15

16    Opposition at 18-19.

17        Petitioner is wrong. "The Court's decision in *Rompilla* was another interpretation of the

18    Court's long-standing principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) []. It

19    did not set forth a 'new rule of law.'" *In re Hutcherson*, 468 F.3d 747, 748 (11th Cir. 2006). As the

20    opening paragraph of *Rompilla* states, the case called for "specific application of the standard of

21    reasonable competence required on the part of defense counsel by the Sixth Amendment." *Rompilla*

22    *v. Beard*, 545 U.S. at 377. The Court held that even when a capital defendant's family members and

23    the defendant himself have suggested that no mitigating evidence is available, his lawyer is bound

24    to make reasonable efforts to obtain and review material that counsel knows the prosecution will

25    probably rely on as evidence of aggravation at the sentencing phase of trial, including the files of any

26    prior convictions. That *Rompilla* did not "initially recognize" any new rule of law is further

27    demonstrated by the majority's rejection of the dissent's argument that the majority was creating a

28    REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION         *Wills v. Tilton, et. al.*
      TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO         C 07-3354 CW (PR)
      PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1   "'rigid, *per se* rule' that requires defense counsel to do a complete review of the file of any prior

2   conviction introduced."

> Counsel fell short here because they failed to make reasonable efforts to review the prior
> conviction file, despite knowing that the prosecution intended to introduce Rompilla's
> prior conviction not merely by entering a notice of conviction into evidence but by quoting
> damaging testimony of the rape victim in that case. The unreasonableness of attempting
> no more than they did was heightened by the easy availability of the file at the trial
> courthouse, and the great risk that testimony about a similar violent crime would
> hamstring counsel's chosen defense of residual doubt. It is owing to these circumstances
> that the state courts were objectively unreasonable in concluding that counsel could
> reasonably decline to make any effort to review the file. Other situations, where a defense
> lawyer is not charged with knowledge that the prosecutor intends to use a prior conviction
> in this way, might well warrant a different assessment.

9   *Rompilla v. Beard*, 545 U.S. at 389-90.

10      *Rompilla* did nothing more than simply apply an existing rule of law. It created no "new rule"

11  of constitutional law. Petitioner's third attempt at showing the timeliness of his habeas petition fails.

12  **D. Actual Innocence**

13      Lastly, Petitioner contends that assuming, for the sake of argument, that he "has exceeded the

14  one-year limitation period of the AEDPA and has failed to demonstrate an entitlement to

15  equitable/statutory tolling," this Court can invoke an "actual innocence" exception and address the

16  merits of his Petition notwithstanding its tardiness. Opposition at 19-27. Petitioner claims that he

17  is actually innocent not only of the burglary and grand theft he was convicted of in 1996, but the

18  1988 burglary he pleaded guilty to. *Id.*

19      Neither the United States Supreme Court nor the Ninth Circuit have resolved the question

20  whether the Constitution requires creating an actual innocence exception. *Majoy v. Roe*, 296 F.3d

21  770 (9th Cir. 2002) (expressing no opinion on the issue).

22      The Fifth and Seventh Circuits have held that there is no actual innocence exception to §

23  2244(d). *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Araujo v. Chandler*, 435 F.3d 678,

24  682 (7th Cir. 2005) ("actual innocence is not a freestanding exception to the statute").

25      The Tenth Circuit has stated that equitable tolling "would be appropriate . . . when a prisoner

26  is actually innocent." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). In *Flanders v. Graves*,

27  299 F.3d 974 (8th Cir. 2002), the Eighth Circuit held that actual innocence is relevant to a claim that

28  

REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION                         *Wills v. Tilton, et. al.*
TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO                        C 07-3354 CW (PR)
PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1   the statute of limitations should be tolled, although the petitioner must still make a showing of

2   reasonable diligence in discovering the facts underlying his claim. In *Souter v. Jones*, 395 F.3d 577

3   (6th Cir. 2005), the Sixth Circuit expressly held that actual innocence will excuse a violation of the

4   statute of limitations, applying the standard from *Shlup v. Delo*, 513 U.S. 298 (1995).

5        *Shlup v. Delo* held held that the "actual innocence" gateway is satisfied where the petitioner

6   demonstrates that a constitutional violation has probably resulted in the conviction of one who is

7   actually innocent. 513 U.S. at 327. An applicant "does not meet the threshold requirement unless

8   he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

9   have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Since the actual innocence

10  exception is concerned with claims of actual innocence, as opposed to legal innocence, "the district

11  court is not bound by the rules of admissibility that would govern at trial," but instead "must make

12  its determination . . . in light of all the evidence, including that alleged to have been illegally

13  admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been

14  wrongly excluded or to have become available only after trial." *Id.* at 327-28 (citations, internal

15  quotation marks and footnore omitted). *Schlup* continues: "To be credible, [a claim of actual

16  innocence] requires petitioner to support his allegations of constitutional error with new reliable

17  evidence that was not presented at trial." *Id.* at 324. Examples of evidence which may establish

18  factual innocence include credible declarations of guilt by another, *Sawyer v. Whitley*, 505 U.S. 333,

19  340 (1992), trustworthy eyewitness accounts, *Shlup v. Delo*, 513 U.S. at 298, and exculpatory

20  scientific evidence, *Pitts v. Norris*, 85 F.3d 348, 351 (8th Cir. 1996).

21       Here, Petitioner offers nothing in the way of credible declarations of guilt by another,

22  trustworthy eyewitness accounts, or exculpatory scientific evidence, but this Court need not

23  determine whether Petitioner has otherwise proffered sufficient credible evidence that was not

24  presented at his 1996 trial that shows he is probably actually innocent of burglary and grand theft.

25  This is because he has made no showing of due diligence between 1996 and now in discovering and

26  presenting the facts underlying the actual innocence claim. *See* Opposition at 20-25.

27       This Court also need not decide the question of Petitioner's actual innocence of the 1996 crimes

28  REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION                    *Wills v. Tilton, et. al.*
    TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO                   C 07-3354 CW (PR)
    PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

1  because he has clearly not shown he is actually innocent of the 1988 burglary to which he pleaded

2  guilty.  As stated, the "actual innocence" exception is concerned, as its very name sets forth, with

3  actual innocence, not legal innocence.  *Schlup v. Delo*, 513 U.S. at 327-28.  Petitioner's entire

4  showing of his innocence of the 1988 burglary concerns his legal innocence—that he burglarized his

5  own house and that under state law that does not constitute a crime.  Opposition at 25-26.  *Petitioner*

6  *does not even allege*, must less sufficiently demonstrate, that someone else committed the 1988

7  burglary, or that any entry by him was without "intent to commit grand or petit larceny or any other

8  felony."  Cal. Penal Code § 459.  Furthermore, under California law a person can be convicted of

9  burglarizing his or her own house if the prosecution can show that the defendant did not have an

10  unconditional possessory right to enter his or her family residence.  *People v. Smith*, 142 Cal. App.

11  4th 923, 930, 48 Cal. Rptr. 3d 378 (2006).  For all we know, in 1988, when Petitioner pleaded guilty

12  to burglarizing his own house, he did so because the facts demonstrated that at the time of the entry

13  with felonious purpose he was estranged from the family and could not enter without permission.

14  *People v. Gauze* indicated that, under ordinary circumstances, "no danger arises from the mere entry

15  of a person into his own home, no matter what his intent is.  He may cause a great deal of damage

16  once inside.  But no emotional distress is suffered, no panic is engendered, and no violence

17  necessarily erupts merely because he walks into his house."  15 Cal. 3d at 715.  It may be that here

18  these circumstances did arise from Petitioner's 1988 entry into his family home.  He certainly has

19  not proven the contrary, as is his obligation.

20       Again, Petitioner has not even truly offered a showing of "actual innocence," much less

21  satisfactorily shown it.

22       Petitioner's present application for federal habeas corpus relief is time barred.

23

24

25

26

27

28

1

**CONCLUSION**

2      WHEREFORE, RESPONDENTS RESPECTFULLY PRAY that this Court dismiss the Petition

3   for Writ of Habeas Corpus, with prejudice, as time barred.

4           Dated:  January 30, 2008

5                                              Respectfully submitted,

6

7                                              EDMUND G. BROWN JR.
                                               Attorney General of the State of California
8
                                               DANE R. GILLETTE
9                                              Chief Assistant Attorney General

10                                             GERALD A. ENGLER
                                               Senior Assistant Attorney General
11                                             PEGGY S. RUFFRA
                                               Supervising Deputy Attorney General
12

13                                             /s/ Bruce Ortega

14                                             BRUCE ORTEGA
                                               Deputy Attorney General
15
                                               Attorneys for Respondents
16   :BO
     SF2007402422
17   40213027.wpd
     1/31/08
18

19

20

21

22

23

24

25

26

27

28   REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION        *Wills v. Tilton, et. al.*
     TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO       C 07-3354 CW (PR)
     PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS
                                     13

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Wills v. Tilton, et al.*
No.:              **C 07-03354 CW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 31, 2008, I served the attached **REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Dale G. Wills
J-16405, C-5-225
Corcoran State Prison
P.O. Box 5246
Corcoran, CA 93212-5246

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 31, 2008, at San Francisco, California.


| J. Hum | J. Hum |
| --- | --- |
| Declarant | Signature |

40213164.wpd