IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WILLS, | No. C 07-03354 CW (PR) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS |
| v. | UNTIMELY |
| JAMES TILTON, | (Docket no. 8) |
| Respondent. | |

INTRODUCTION

On June 26, 2007, Petitioner Dale Wills, a state prisoner incarcerated at the California State Prison - Corcoran, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance by his trial and appellate counsel and prosecutorial misconduct.  The Court ordered Respondent to show cause why the writ should not be granted.  On October 16, 2007, Respondent James Tilton filed a motion to dismiss.  Petitioner filed an opposition on January 18, 2008.  Respondent filed a reply on January 31, 2008.  For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

BACKGROUND

In 1988, Petitioner pled guilty to a first degree burglary charge stemming from an incident that occurred at the home where he was living with his family.  He was sentenced to one year in prison.

In May, 1995 Petitioner was arrested in San Lorenzo for being drunk in public.  (Mot. to Dismiss at 2.)  Police discovered a bike

in Petitioner's possession that was reported as stolen from a residence about a half mile from where Petitioner was arrested. (<u>Id.</u>)  Petitioner was subsequently charged with first degree burglary and grand theft.  (<u>Id.</u>)

In May, 1996, Petitioner was found guilty of both the theft and burglary.  The court found true the allegation that Petitioner had a prior 1988 conviction for first degree burglary, which constituted a "strike" under California's Three Strikes law.  <u>See</u> Cal. Penal Code §§ 667(e)(1), 1170.12(c)(1).  The court also found true two allegations that Petitioner had served prior prison terms. <u>See</u> <u>id.</u> § 667.5(b).  Petitioner was sentenced to seventeen years in prison based upon his two prior prison commitments and his 1988 burglary conviction.

Petitioner challenged his conviction in the California Court of Appeal where it was affirmed on June 30, 1997.  Thereafter, Petitioner filed two unrelated state habeas corpus petitions in the California Supreme Court alleging various violations of his rights by prison officials.[1]

In March, 2005, Petitioner discovered a case, <u>People v. Davis</u>, which he contends should have been cited by his trial counsel because it stands for the proposition that one cannot burglarize one's own home.[2]  18 Cal. 4th 712, 721 (1998) (citing <u>People v.</u>

---

[1] The first of these claims involved an allegedly "arbitrary withholding of Petitioner's tennis shoes by prison officials."  The second involved alleged confiscation of his property as well as denial of access to the courts.  Both claims were rejected by the California Supreme Court with a citation to <u>In re Dexter</u>, 25 Cal. 3d 921 (1979).

[2] <u>Davis</u> was decided in 1998, two years after Petitioner was sentenced by the trial court.

United States District Court
For the Northern District of California

Gauze, 15 Cal. 3d 709, 714 (1975)).  Thus, he claims, Davis invalidates his 1988 burglary conviction because the facts alleged in that conviction involved the burglary of the home where he lived at that time.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Alameda County Superior Court, which was denied on March 21, 2006.  He filed a subsequent habeas petition in the California Court of Appeal which was denied on June 1, 2006. Petitioner filed a third habeas petition in the California Supreme Court which was denied on February 7, 2007.

Petitioner filed the present petition for a writ of habeas corpus on June 26, 2007.  The claims raised in the petition include:  (1) ineffective assistance of counsel for failing to move to strike his 1988 burglary conviction because it was invalid under Davis; and (2) prosecutorial misconduct in charging his previous burglary conviction as a prior, for the same reason.

DISCUSSION

The AEDPA became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the

3

constitutional right asserted was recognized by the Supreme Court,
if the right was newly recognized by the Supreme Court and made
retroactive to cases on collateral review; or (D) the factual
predicate of the claim could have been discovered through the
exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  Also,
"[t]he time during which a properly filed application for state
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation."  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24,
1996, such as Petitioner, ordinarily must file his federal habeas
petition within one year of the date his process of direct review
came to an end.  See Calderon v. United States Dist. Court
(Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on
other grounds by Calderon v. United States Dist. Court (Kelly), 163
F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which
the judgment became final by conclusion of direct review or the
expiration of the time for seeking such review."  28 U.S.C.
§ 2244(d)(1)(A).  In a case where a petitioner does not seek review
in the state supreme court, "direct review" concludes forty days
after the court of appeals renders its decision.  Smith v. Duncan,
297 F.3d 809 (9th Cir. 2002).

In the present case, Petitioner did not seek review in the
California Supreme Court.  Thus, the judgment became final for
purposes of the statute of limitations on August 9, 1997, forty
days after the court of appeal rendered its decision.  Duncan, 297

United States District Court
For the Northern District of California

4

F.3d at 809.  Accordingly, Petitioner was required to file a federal habeas corpus petition no later than August 9, 1998. Because he did not file the present petition until June 26, 2007 -- nearly nine years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to tolling or to a delayed commencement of the limitations period.

I.   Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  As noted earlier, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . . "  28 U.S.C. § 2244(d)(2).  The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  <u>Carey</u>, 536 U.S. at 223.  In California, where prisoners generally use the state's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  <u>See</u> <u>id.</u> at 220-25.

Petitioner filed his state habeas petition in the Alameda County Superior Court on February 18, 2005.  However, he is not entitled to tolling under Section 2244(d)(2) because the limitations period had already run on August 9, 1998.  A state

United States District Court
For the Northern District of California

habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Section 2244(d)(2) cannot revive the limitations period once it has run. It cannot restart the clock to zero; it can only serve to pause a clock that has not yet fully run. Thus, in order to toll the limitations period under § 2244(d)(2), Petitioner should have begun to pursue collateral relief in state court before AEDPA's one-year limitations period had expired. See Ferguson, 321 F.3d at 823; see also Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations").

Accordingly, Petitioner's state habeas petition filed on February 18, 2005 does not revive the limitations period because it had already expired. Therefore, without more, Petitioner is not entitled to statutory tolling of the limitations period.

II.  Delayed Commencement

Petitioner argues for a delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B) and (C).

Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations in

habeas proceedings does not begin to run until "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action."

Petitioner contends that the State's failure to provide him with effective assistance of counsel amounted to a state-created impediment to his filing of his state and federal habeas petitions. Petitioner is effectively arguing that because he relied upon the Constitutional guarantee of effective assistance of counsel at trial, he was "impeded" from looking into the case law surrounding his 1988 burglary conviction (and subsequently discovering <u>Davis</u>). Petitioner cites <u>Coleman v. Thompson</u> for the proposition that ineffective assistance of state-appointed counsel "constitutes an 'impediment to filing an application created by State action in violation of the Constitution.'"  501 U.S. 722, 754 (1991).

<u>Coleman</u> is distinguishable from the present case and does not apply because it addresses the issue of procedural default.  In <u>Coleman</u>, the petitioner was unable to pursue federal habeas relief because of the failure of his counsel, post-trial, to file a direct appeal before the deadline.  <u>Id.</u>  Here, Petitioner's counsel allegedly failed to raise a specific motion before or during trial. Counsel's alleged mistake had no effect upon Petitioner's ability to file for collateral relief, despite the fact that Petitioner had no understanding of the relevant case law or the mistake his trial counsel allegedly made.  Rather than being defaulted because of his counsel's failure to appeal, Petitioner's claim is time-barred.

United States District Court
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1    Accordingly, Petitioner's claim that a state-created

2    impediment delayed the onset of the statute of limitations fails

3    because Petitioner, rather than trial counsel, was responsible for

4    timely filing his habeas petition.

5    Petitioner also contends that he is entitled to delayed

6    commencement based upon a new rule of constitutional law handed

7    down by the Supreme Court in <u>Rompilla v. Beard</u>, 545 U.S. 374

8    (2005).

9    Under 28 U.S.C. § 2244(d)(1)(C), the statute of limitations in

10   habeas proceedings does not begin to run until "the date on which

11   the constitutional right asserted was initially recognized by the

12   Supreme Court, if the right has been newly recognized by the

13   Supreme Court and made retroactively applicable to cases on

14   collateral review."

15   Petitioner claims that June 30, 2005, the date of the Supreme

16   Court's ruling in <u>Rompilla</u>, is the proper starting date for the

17   statute of limitations.  He states:

18           In <u>Rompilla</u>, the Supreme Court, for the very
             first time, held that an attorney's failure to
19           conduct an adequate investigation of prior
             convictions amounted to deficient performance,
20           <u>see</u> 545 U.S. at 383, that was sufficiently
             prejudicial to sustain a finding of ineffective
21           assistance of counsel.  <u>See</u> <u>id.</u> at 390.  Thus,
             the <u>Rompilla</u> Court announced a "new rule."  And
22           because <u>Rompilla</u> is a habeas proceeding, it
             necessarily follows then, a fortiori, that it
23           has been "made retroactively applicable to
             cases on collateral review" as the holding is
24           dependent on retroactivity, i.e., Rompilla
             could not have obtained the relief he did
25           unless the decision called for retroactive
             application.
26
     (Opp'n at 18-19.)
27
         The Supreme Court's decision in <u>Rompilla</u> did not pronounce a
28

8

1   new rule of constitutional law as the term is used in section

2   2244(d)(1)(C).  Instead, the case cites Strickland v. Washington,

3   466 U.S. 668 (1984), which announced the current rule under federal

4   law for reviewing ineffective assistance of counsel claims.  See In

5   re Hutcherson, 438 F.3d 749 (11th Cir. 2006) (denying petitioner's

6   request to file a second habeas corpus petition under 28 U.S.C.

7   § 2244(b) because "the Court's decision in Rompilla was another

8   interpretation of the Court's long-standing principles set forth in

9   Strickland v. Washington" (internal citations omitted)).

10      Thus, because the Strickland line of cases was available to

11  Petitioner during the relevant statute of limitations period, his

12  argument based on section 2244(d)(1)(C) fails.  Accordingly, his

13  federal habeas is untimely, unless equitable tolling applies.

14  III. Equitable Tolling

15      The one-year limitations period can be equitably tolled

16  because section 2244(d) is a statute of limitations and not a

17  jurisdictional bar.  See Beeler, 128 F.3d at 1288.  "When external

18  forces, rather than a petitioner's lack of diligence, account for

19  the failure to file a timely claim, equitable tolling of the

20  statute of limitations may be appropriate."  Miles v. Prunty, 187

21  F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be

22  available in most cases because extensions of time should be

23  granted only if "'extraordinary circumstances' beyond [a]

24  prisoner's control make it impossible to file a petition on time."

25  Beeler, 128 F.3d at 1288 (citation and internal quotation marks

26  omitted).  The prisoner must show that "the 'extraordinary

27  circumstances' were the cause of his untimeliness."  Spitsyn v.

28  Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The

United States District Court
For the Northern District of California

Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)). The grounds for granting equitable tolling are "highly fact dependant." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott, 304 F.3d at 920. When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

Petitioner argues that he is entitled to equitable tolling under "the doctrine of fraudulent concealment." (Mem. in Supp. of Pet. for Writ of Habeas Corpus at 21.) Petitioner summarizes his claim as follows:

> Due to his lack of adequate knowledge of the law and sole reliance on appointed counsel representing him in the trial and appellate courts, Petitioner had no objectively reasonable cause to believe or even remotely

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      suspect that any grounds existed to justify the
relief sought by this current petition until
March of 2005, when Petitioner came upon the
<u>People v. Davis</u> case.

(Pet. at 12-13.)  According to Petitioner, it was not until he discovered <u>Davis</u> that he could have known that his counsel had failed to inform him of it.  Based upon his total reliance on counsel, he alleges that counsel's failure to inform him of <u>Davis</u> amounts to "fraudulent concealment" entitling him to equitable tolling.

There is no "doctrine of fraudulent concealment" in the equitable tolling context.  Petitioner has not alleged any affirmative conduct on the part of his trial or appellate counsel that amounts to concealment.  Instead, Petitioner is effectively alleging that he is entitled to equitable tolling because he was ignorant of the law and his former counsel failed to notify him of a new case.

Petitioner's argument fails.  The law is clear that ignorance of the law and lack of legal experience typically do not excuse untimely filing, even for a <u>pro se</u> incarcerated prisoner.  <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner also claims that he is entitled to equitable tolling because he was held in the prison's Secure Housing Unit (SHU) and had restricted law library access.  Petitioner does not describe in any detail how his law library access was "more restricted" than any other inmate.  Further, he alleges no specific set of facts setting forth how long he was housed in the SHU and how his inability to access the law library during that time prevented him from filing his federal habeas petition in a timely

11

1    manner.   Therefore, Petitioner's argument fails.

2        Accordingly, Petitioner is not entitled to equitable tolling

3    of the limitations period.

4    IV.  Actual Innocence

5        The actual innocence gateway established in <u>Schlup v. Delo</u>,

6    513 U.S. 298 (1995), may be available to a petitioner whose

7    petition is otherwise barred by the AEDPA's limitations period.

8    <u>See</u> <u>Majoy v. Roe</u>, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying

9    that unavailability of actual innocence gateway would raise serious

10   constitutional concerns and remanding to district court for a

11   determination of whether actual innocence claim was established

12   before deciding whether gateway is available under AEDPA).  For

13   purposes of this Order, this Court will assume that actual

14   innocence, if established according to the <u>Schlup</u> standard, would

15   avoid the statute of limitations bar.

16       Thus,

17       [i]f a petitioner . . . presents evidence of innocence so
         strong that a court cannot have confidence in the outcome of
18       the trial unless the court is also satisfied that the trial
         was free of non-harmless constitutional error, the petitioner
19       should be allowed to pass through the gateway and argue the
         merits of his underlying claim.
20
21   <u>Id.</u> at 316.

22       "To be credible, such an actual innocence claim requires

23   petitioner to support his allegations of constitutional error with

24   new reliable evidence -- whether it be exculpatory scientific

25   evidence, trustworthy eyewitness accounts, or critical physical

26   evidence -- that was not presented at trial."  <u>Schlup</u>, 513 U.S. at

27   324.  The "new" evidence need not be newly available, just newly

28   presented -- that is, evidence that was not presented at trial.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  <u>Griffin v. Johnson</u>, 350 F.3d 956, 961 (9th Cir. 2003).

2       It is not enough that the new evidence show the existence of

3  reasonable doubt; rather, petitioner must show "that it is more

4  likely than not that no 'reasonable juror' would have convicted

5  him." <u>Schlup</u>, 513 U.S. at 329.  As the Ninth Circuit has stated,

6  "the test is whether, with the new evidence, it is more likely than

7  not that no reasonable juror would have found [p]etitioner guilty."

8  <u>Van Buskirk v. Baldwin</u>, 265 F.3d 1080, 1084 (9th Cir. 2001).  Thus,

9  actual innocence means factual innocence, not merely legal

10  insufficiency.  <u>Bousley v. United States</u>, 523 U.S. 614, 623-24

11  (1998) (citing <u>Sawyer</u>, 505 U.S. at 339).

12       In the present case, Petitioner alleges that he is actually

13  innocent of the crimes of which he was convicted in 1996 as well as

14  the 1988 burglary charge to which he pled guilty.  Petitioner

15  suggests that due to misconduct on the part of both the defense and

16  the prosecution, his 1996 trial was corrupted and he was falsely

17  convicted.  (Opp'n at 20-25.)

18       Petitioner alleges that his defense counsel was ineffective in

19  failing to move to suppress the prosecution's evidence (a bicycle

20  that he possessed, the fact that he was intoxicated, and

21  incriminating statements he made when he was arrested) and failing

22  to obtain exculpatory evidence (fingerprints on the bicycle, a

23  blood-alcohol test).  Petitioner also contends that his defense

24  counsel failed to move to strike his 1988 burglary conviction and

25  suborned him to commit perjury by making him testify that he was

26  intoxicated when he was arrested.  Petitioner also alleges that the

27  prosecutor committed misconduct by charging Petitioner's previous

28  burglary conviction as a prior.

**United States District Court**
For the Northern District of California

1    Petitioner's claims fail because his allegations do not amount

2   to "clear and convincing evidence" that he is actually innocent of

3   either his 1996 or 1988 convictions.  Petitioner confuses the

4   actual innocence standard with an inquiry into the merits of his

5   case.  He has provided no evidence akin to "credible declarations

6   of guilt by another, trustworthy eyewitness accounts, or

7   exculpatory scientific evidence" to support his innocence.  <u>Schlup</u>,

8   513 U.S. at 324.  Instead, he alleges that misconduct at trial

9   caused him to be prejudiced during legal proceedings.  Such

10  misconduct has no bearing upon whether he is actually innocent of

11  the crimes of which he was convicted.  Accordingly, his actual

12  innocence claim fails.

13                          CONCLUSION

14    The instant petition for habeas corpus was filed nearly nine

15  years after the statute of limitations expired.  Petitioner is not

16  entitled to tolling or a delayed commencement of the limitations

17  period, and his actual innocence claim is unsupported.  Therefore,

18  the petition is untimely because the statute of limitations expired

19  on August 9, 1998.  Accordingly, Respondent's motion to dismiss

20  (docket no. 8) is hereby GRANTED.

21    The Clerk of the Court shall enter judgment in accordance with

22  this Order, terminate all pending motions and close the file.  The

23  parties shall bear their own costs.

24    This Order terminates Docket no. 8.

25    IT IS SO ORDERED.

26  DATED:    8/28/08

27  _____

28  CLAUDIA WILKEN
    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DALE WILLS,

             Plaintiff,

  v.

JAMES TILTON et al,

             Defendant.

_____/

Case Number: CV07-03354 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bruce Louis Ortega
California State Attorney's Office
455 Golden Gate Avenue
Suite 11000
San Francisco,  CA 94102-7004

Dale G. Wills J-16405
Corcoran State Prison
P.O. Box 5246
Corcoran,  CA 93212-5246

Dated: August 28, 2008

                            Richard W. Wieking, Clerk
                            By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California