IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE WILLS,

    Petitioner,

  v.

JAMES TILTON, Warden,

    Respondent.
_____/

No. C 07-3354 CW (PR)

ORDER DENYING MOTION TO VACATE

(Docket no. 32)

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court granted Respondent's motion to dismiss the petition as untimely and denied Petitioner's request for a certificate of appealability (COA). The Ninth Circuit also denied Petitioner's request for a COA, and the United States Supreme Court denied Petitioner's motion to file a petition for a writ of certiorari out of time.

Now pending before the Court is Petitioner's motion, under Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the judgment of dismissal.

DISCUSSION

A. Standard of Review

Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based on Rule 60(b) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void;

(5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citation omitted).

B. Background

In 1996, Petitioner was found guilty of theft and burglary; additionally, the trial court found true the allegation that Petitioner suffered a prior burglary conviction in 1988. In 1997, the convictions and sentence were affirmed on appeal.

As relevant to the present motion, in March 2005 Petitioner discovered an opinion issued by the California Supreme Court, People v. Davis, 18 Cal. 4th 712 (1998), which led him to conclude that he had not been provided with the effective assistance of counsel. Specifically, Davis discusses the definition of "entry," which is a necessary element of burglary and, in so doing, relies on the case of People v. Gauze, 15 Cal. 3d 709 (1975), which holds that a person cannot burglarize his or her own home. See Davis, 18 Cal. 4th at 721. Upon his discovery of the Davis case, Petitioner filed state habeas petitions claiming that his trial counsel knew that Petitioner's 1988 burglary conviction concerned the burglary

2

of Petitioner's own home and, consequently, counsel should have moved to strike the prior conviction and appellate counsel should have raised on appeal the failure to do so. Petitioner's state habeas petitions were denied.

After he filed the present petition in 2007, the Court, as noted, granted Respondent's motion to dismiss the petition as untimely. In particular, the Court rejected Petitioner's argument, among others, that he was entitled to equitable tolling of the limitations period. Specifically, the Court found as follows:

> Petitioner argues that he is entitled to equitable tolling under "the doctrine of fraudulent concealment." (Mem. in Supp. of Pet. for Writ of Habeas Corpus at 21.) Petitioner summarizes his claim as follows:
>
>> Due to his lack of adequate knowledge of the law and sole reliance on appointed counsel representing him in the trial and appellate courts, Petitioner had no objectively reasonable cause to believe or even remotely suspect that any grounds existed to justify the relief sought by this current petition until March of 2005, when Petitioner came upon the People v. Davis case.
>
> (Pet. at 12-13.) According to Petitioner, it was not until he discovered Davis that he could have known that his counsel had failed to inform him of it. Based upon his total reliance on counsel, he alleges that counsel's failure to inform him of Davis amounts to "fraudulent concealment" entitling him to equitable tolling.
>
> There is no "doctrine of fraudulent concealment" in the equitable tolling context. Petitioner has not alleged any affirmative conduct on the part of his trial or appellate counsel that amounts to concealment. Instead, Petitioner is effectively alleging that he is entitled to equitable tolling because he was ignorant of the law and his former counsel failed to notify him of a new case.
>
> Petitioner's argument fails. The law is clear that ignorance of the law and lack of legal experience typically do not excuse untimely filing, even for a pro se incarcerated prisoner. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Aug. 28, 2008 Order at 10:22-11:20.

3

C.   Motion for Reconsideration

In the present motion, Petitioner argues the judgment of dismissal should be vacated based on the United States Supreme Court's decision in Holland v. Arizona, 130 S. Ct. 2549 (2010), which held that (1) the federal habeas statute of limitations, set forth at 28 U.S.C. § 2244(d), is subject to equitable tolling; (2) federal courts must consider the applicability of equitable tolling on a case-by-case basis and not be mechanical in their application of the doctrine; and (3) depending on the particular facts, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance warranting equitable tolling.  See id. at 2562-64.  Specifically, Petitioner argues that, in view of Holland, this Court erred by failing to find that his trial and appellate attorneys' unprofessional conduct entitles him to equitable tolling.

1. Fraudulent Concealment

As an initial matter, the Court will not reconsider Petitioner's argument that he is entitled to equitable tolling of the statute of limitations because of his attorneys' alleged "fraudulent concealment" of the legal authority discussed in Davis concerning the burglary of one's own home.  As noted in the Order granting the motion to dismiss, no doctrine of fraudulent concealment has been recognized in the equitable tolling context.  Additionally, Petitioner has not alleged facts which show that either his trial or appellate counsel affirmatively acted fraudulently to conceal from him information about the pertinent legal authority.

4

2. Equitable Tolling

The Supreme Court has determined that § 2244(d) is subject to equitable tolling in appropriate cases. Holland, 130 S. Ct. at 2560. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562. Serious attorney misconduct may constitute extraordinary circumstances. Id. at 2564-65.

Equitable tolling will be available only if the petitioner can show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation and citation omitted). Thus, where a petitioner fails to show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability timely to file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Here, Petitioner maintains that the failure of his trial and appellate counsel to challenge his prior conviction and inform him about the Gauze and Davis holdings amounts to serious misconduct which constitutes extraordinary circumstances. The record, however, is insufficiently developed for the Court to assess whether counsel's failure amounted to serious misconduct, was negligent, or was based on legitimate strategic decisions.

Further, even if the Court assumes that serious misconduct occurred, to be entitled to equitable tolling Petitioner also must

5

show that such misconduct was the cause of the untimely filing of the instant petition. This he has not done. The attorney misconduct complained of occurred in 1996 and 1997, during the pendency of Petitioner's state criminal trial and appellate proceedings. Petitioner was aware at that time that his prior 1988 conviction concerned the burglary of his own residence, but not of the legal significance of that fact. Petitioner did not discover the Davis case until 2005, at which time he became aware of the legal basis for his ineffective assistance of counsel claims. The Davis case was published in 1998, approximately one year after the conclusion of Petitioner's direct appeal in 1997. Gauze, which is discussed in Davis and directly supports Petitioner's argument concerning the burglary of one's own home, was published in 1975.

Petitioner has presented no evidence that shows his trial or appellate counsel's alleged misconduct caused him to be unable, for approximately eight years, to discover the proposition addressed in Gauze and Davis, exhaust his ineffective assistance of counsel claims in state court and bring his claims to federal court. Nor has he shown that he acted diligently to pursue his legal rights during those eight years.

Accordingly, Petitioner's motion to vacate the judgment of dismissal is DENIED.

This Order terminates Docket no. 32.

IT IS SO ORDERED.

Dated: 3/8/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE